**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 13, 2024

**BY CM/ECF**
The Hon. Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Weidong Guan, a/k/a "Bill Guan,"* 24 Cr. 322 (VM)**

Dear Judge Marrero:

The Government writes to respectfully request an order authorizing the disclosure of tax information in discovery and authorizing use of the same information at any trial pursuant to 26 U.S.C. § 6103(i)(4)(A)(i)-(ii), (D). A proposed order is enclosed for the Court's consideration.

As charged in Counts One through Three of the Indictment, Weidong Guan, a/k/a "Bill Guan," the defendant, participated in a sprawling, transnational scheme to launder at least approximately $67 million of illegally obtained funds. The scheme benefited a multinational media company headquartered in Manhattan, New York (the "Media Company"), certain entities affiliated with the Media Company, and Guan, who was the Chief Financial Officer of the Media Company. Millions of dollars from the scheme flowed through Guan's personal and cryptocurrency accounts.

On May 19, 2023, the Government sought and obtained from the Honorable P. Kevin Castel, sitting in Part I, an order (the "Tax Order") authorizing the United States Department of Treasury ("DOT") to disclose tax refund and payment information associated with Guan and another individual ("Individual-1").[1] On or about June 8, 2023, the Government received a production of documents from DOT in response to the Tax Order (the "Tax Documents").

Protected tax information may only be disclosed by the DOT in limited circumstances and, if produced by the DOT to a government entity investigating a federal crime, may only be used in certain circumstances. *See* 26 U.S.C. § 6103(i)(1). Pursuant to 26 U.S.C. § 6103(i)(4)(A)(ii), one of the permitted uses is for discovery "to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure."

[1] [redacted] Given the stage of this matter, in which a trial date has not yet been scheduled, and in light of the Government's ongoing investigation, among other things, the Government respectfully requests that the identity of Individual-1 be filed under seal at this time.

*See* 26 U.S.C. § 6103(i)(4)(A)(ii). In authorizing disclosure of protected tax information under that provision, "the court shall give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in [Title 26, United States Code]." 26 U.S.C. § 6103(i)(4)(D)(ii). Pursuant to 26 U.S.C. § 6103(i)(4)(A)(i), protected tax information may also be introduced at a federal criminal trial "if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party."

The Government seeks an order authorizing it to produce the Tax Documents in discovery and authorizing it to introduce the Tax Documents at any trial subject to the Federal Rules of Evidence. Regarding pretrial disclosure, the Government submits that the Tax Documents should be produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure and that disclosure in discovery is appropriate even giving due consideration to the congressional policy favoring confidentiality of tax return information. *See* 26 U.S.C. § 6103(i)(4)(A)(ii), (D). In addition, regarding use at any scheduled trial, the Government submits that the Tax Documents are probative of a matter in issue relevant to establishing the commission of a crime and the guilt of the defendant. *See* 26 U.S.C. § 6103(i)(4)(D)(i). A proposed order authorizing both of these uses is attached to this letter as Exhibit A.

                                              Respectfully submitted,

                                              DAMIAN WILLIAMS
                                              United States Attorney

                      By:     /s/ Rebecca T. Dell
                                              Emily Deininger
                                              Rebecca T. Dell
                                              Jane Kim
                                              Assistant United States Attorneys
                                              (212) 637-2472 / 2198 / 2038

cc: All Counsel (ECF)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA            :    ORDER
                                    :
        -v.-                        :    24 Cr. 322 (VM)
                                    :
WEIDONG GUAN, a/k/a "Bill Guan,"    :
                                    :
                Defendant.          :
                                    :
------------------------------------X
```

Upon the application of the United States, by the United States Attorney for the Southern District of New York, Damian Williams, by Assistant United States Attorneys Emily Deininger, Rebecca T. Dell, and Jane Kim, dated June 13, 2024;

WHEREAS on or about May 19, 2023, the Government sought and obtained from the Honorable P. Kevin Castel an order authorizing the United States Department of the Treasury ("DOT") to disclose tax refund and payment information purportedly associated with the scheme charged in Counts One through Three of the Indictment (the "Tax Order"). On or about June 8, 2023, the Government received a production of documents from DOT in response to the Tax Order (the "Tax Documents");

WHEREAS trial in the above-captioned matter has not yet been scheduled;

IT IS HEREBY ORDERED that, giving due consideration to congressional policy favoring the confidentiality of returns and

return information as set forth in Title 26, United States Code, the Tax Documents are required to be produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure; and

IT IS HEREBY FURTHER ORDERED that the Tax Documents are probative of a matter in issue relevant in establishing the guilt of the defendant, *i.e.*, at any scheduled trial in the above-captioned matter.

SO ORDERED.

Dated:  New York, New York
        June ___, 2024

_____
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE