UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

LE VAN HUNG,
  a/k/a "Hung Van Le,"
  a/k/a "Van Hung Le,"

Defendant.

**SEALED SUPERSEDING INDICTMENT**

S1 24 Cr. 322

---

The Grand Jury charges:

## OVERVIEW

1. From at least in or about 2020, through in or about May 2024, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others participated in a sprawling, transnational scheme to launder at least approximately $67 million of illegally obtained funds (the "Money Laundering Scheme"). The Money Laundering Scheme benefited a multinational media company headquartered in Manhattan, New York (the "Media Company"), certain entities affiliated with the Media Company (together with the Media Company, the "Media Entities"), and the Chief Financial Officer of the Media Company ("CC-1").

## THE DEFENDANT AND RELEVANT ENTITIES AND ACCOUNTS

2. At all times relevant to this Indictment, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, has been employed by a particular foreign office of the Media Company (the "Media Company's Foreign Office"). The Media Company's Foreign Office is

1

located in a country other than the United States ("Foreign Country-1"). HUNG is based in Foreign Country-1.

3. Certain of the Media Entities, including the Media Company, are headquartered in Manhattan. The Media Entities have held bank accounts with a particular bank (the "Bank"), which is headquartered in the United States. The Bank's deposits are insured by the Federal Deposit Insurance Corporation ("FDIC").

### THE DEFNDANT'S ROLE IN THE MONEY LAUNDERING SCHEME

4. LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, recruited and managed various co-conspirators, including co-conspirators who worked with the Media Company's "Make Money Online" team (the "MMO Team"), which was located in the Media Company's Foreign Office. Members of the MMO Team and others used cryptocurrency to knowingly purchase tens of millions of dollars in crime proceeds. The MMO Team and other participants in the scheme purchased the crime proceeds at a discount and transferred those proceeds into bank accounts held by the Media Entities.

5. Members of the MMO Team and other scheme participants moved the crime proceeds into the Media Entities' accounts through tens of thousands of layered transactions utilizing, among other things, prepaid debit cards and financial accounts that were opened using stolen identification information, including the personal identification information of U.S. residents. Some of the crime proceeds were further transferred into bank and cryptocurrency accounts belonging to CC-1.

6. In or about 2020, the Money Laundering Scheme caused tens of millions of illicit dollars to be transferred into the Media Entities' bank accounts. In fact, that year, the Media Company's internal financial accounting reflected an increased annual revenue over the previous

year of approximately 410 percent—from approximately $15 million to approximately $62 million. A significant portion of this increase was attributable to the Media Company's Foreign Office, including the MMO Team.

7. In furtherance of the Money Laundering Scheme, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, among other things, recruited co-conspirators, used, possessed, and transferred personal identification information of U.S. residents, and tracked transactions, stolen identity information, and various financial and online accounts.

8. In or about 2020, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, recruited a co-conspirator ("CC-2") through a social media platform to assist the Money Laundering Scheme. HUNG directed CC-2 to, among other things: (a) obtain at least one prepaid debit card, receive funds to the card, and transfer the funds to the Media Entities' bank accounts; (b) use CC-2's U.S. address to receive in the mail physical prepaid debit cards that were issued in the name of individuals other than CC-2, and transfer images of those prepaid debit cards to HUNG; and (c) call the Bank and falsely claim that CC-2 was the account holder of a certain account by using the personal identification information of the purported account holder so that the Bank would unlock the account, so that HUNG and his co-conspirators could move funds in and out of the account.

**STATUTORY ALLEGATIONS**

**COUNT ONE**
**(Conspiracy to Commit Money Laundering)**

The Grand Jury further charges:

9. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

10.     From at least in or about 2020, through at least in or about May 2024, in the Southern District of New York and elsewhere, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

11.     It was a part and an object of the conspiracy that LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

12.     It was further a part and an object of the conspiracy that LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, within the United States, knowingly would and did engage and attempt to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1947(f)(1), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, wire fraud, in

4

violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO
### (Conspiracy to Commit Bank Fraud)

The Grand Jury further charges:

13. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

14. In or about September 2020, in the Southern District of New York and elsewhere, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344(2).

15. It was a part and an object of the conspiracy that LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, knowingly would and did execute, and attempted to execute, a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344(2), to wit, HUNG directed CC-2 to make false statements to the Bank that CC-2 was the account holder of a certain account when CC-2 was in fact not the account holder, in order to keep that account with the Bank open and to maintain access to the funds in that bank account, including to transfer funds in and out of that account.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury further charges:

16. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

17. In or about September 2020, in the Southern District of New York and elsewhere, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, HUNG transferred, possessed, and used the name, social security number, and address of at least one other person during and in relation to the conspiracy to commit bank fraud violation charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT FOUR
### (Identity Theft Conspiracy)

The Grand Jury further charges:

18. The allegations set forth in paragraphs 1 through 8 are incorporated by reference as if set forth fully herein.

19. From at least in or about 2020, through at least in or about May 2024, in the Southern District of New York and elsewhere, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit identity theft, in violation of Title 18, United States Code, Section 1028(a)(7).

6

20. It was a part and an object of the conspiracy that LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, and others known and unknown, knowingly would and did transfer, possess, and use, without lawful authority, a means of identification of another person with the intent to commit, to aid and abet, and in connection with, an unlawful activity that constituted a violation of federal law, and that constituted a felony under a state and local law, in violation of Title 18, United States Code, Section 1028(a)(7), to wit, HUNG conspired with others to transfer, possess, and use the name, social security number, and address of at least one other person in connection with the conspiracy to commit money laundering violation charged in Count One of this Indictment and the conspiracy to commit bank fraud violation charged in Count Two of this Indictment.

(Title 18, United States Code, Sections 1028(f).)

## FORFEITURE ALLEGATIONS

21. As a result of committing the offense alleged in Count One of this Indictment, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

22. As a result of committing the offense alleged in Count Two of this Indictment, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of

the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

23. As a result of committing the offenses alleged in Counts Three and Four of this Indictment, LE VAN HUNG, a/k/a "Hung Van Le," a/k/a "Van Hung Le," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said offenses and any and all personal property used or intended to be used to commit said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

24. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Sections 982, 1028;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

_____      _Damien Williams_____
FOREPERSON                          DAMIAN WILLIAMS
                                          United States Attorney