```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                          24 Cr. 322 (VM)

WEIDONG GUAN, a/k/a "Bill
Guan," et al.,
                                        Conference
                Defendants.

------------------------------x

                                        New York, N.Y.
                                        June 20, 2025
                                        1:00 p.m.

Before:

                    HON. VICTOR MARRERO,

                                        District Judge

                         APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  ROBERT B. SOBELMAN
     Assistant United States Attorney

ANDERSON KILL P.C.
     Attorneys for Defendant Le Van Hung
BY:  SAMUEL BRAVERMAN
     JEREMY SHOCKETT

PETRILLO KLEIN & BOXER LLP
     Attorneys for Defendant Weidong Guan
BY:  GUY PETRILLO
     KEVIN PUVALOWSKI
```

1      THE COURT:  Good afternoon.  Thank you.  Be seated.
2      This is a proceeding in the matter of United States v.
3  Guan and Hung, Docket No. 24-Cr.-00322.  Counsel, please enter
4  your appearances for the record.
5      MR. SOBELMAN:  Robert Sobelman, United States.  Good
6  afternoon, your Honor.
7      MR. PETRILLO:  Good afternoon, your Honor.  Guy
8  Petrillo firm, Petrillo Klein & Boxer, for Mr. Guan who is in
9  the courtroom.
10     MR. PUVALOWSKI:  And Kevin Puvalowski from Petrillo
11  Klein & Boxer as well.  Good afternoon.
12     MR. BRAVERMAN:  Good afternoon, sir.  Sam Braverman,
13  Anderson Kill, with my colleague, Jeremy Shockett, who is with
14  us, and my client, Mr. Hung, who is to my right.
15     THE COURT:  Good afternoon.
16     The Court notes for the record that the defendant
17  Mr. Guan is presented in the courtroom seated next to his
18  attorney.  Likewise, Defendant Hung is present in the courtroom
19  seated next to his attorney.
20     The Court scheduled this proceeding as a status
21  conference on the matter.  The Court has received several
22  letters from the parties indicating that they are at an impasse
23  regarding the scheduling of the trial for this matter.
24     Before we proceed, let me take care of one
25  housekeeping matter.  I note that the defendants are following

1   this proceeding with the assistance of interpretation.  It is
2   the practice of this Court to confirm on the record the
3   identity of the interpreter and that the interpreter is either
4   on the staff of the court or is certified.  Identify
5   yourselves.
6            INTERPRETER FENG:  Good afternoon, your Honor.  My
7   name is Shi Feng.  S-h-i, last name is F-e-n-g.  I'm the
8   Mandarin interpreter.
9            INTERPRETER NGO:  Your Honor, my name is Nhan Ngo.
10  I'm the Vietnamese interpreter for the court.
11           THE COURT:  Through the interpreter, I would like to
12  confirm as well that the defendants are following the
13  proceeding and will be able to understand it fully with the
14  assistance of this interpretation.
15           DEFENDANT HUNG:  Yes.
16           DEFENDANT GUAN:  Yes.
17           THE COURT:  All right.  Thank you.
18           Returning to the correspondence that the Court made
19  reference to earlier, I have reviewed the letter from
20  Mr. Braverman on behalf of Mr. Hung seeking an adjournment of
21  the trial of this matter from October of this year to late
22  February.  For various reasons that are set forth in the
23  letter, I understand from the government's response that the
24  government will be unavailable for a trial from late February
25  to May of 2026.  And lastly, I have a letter from Mr. Petrillo

1   on behalf of Mr. Guan contending that defendant is not prepared
2   to consent to any further adjournments beyond February of the
3   coming months.  I am also aware that Rule 12 motions are
4   currently due in June, June 26, and so the parties should be
5   prepared to discuss next steps with that briefing schedule, if
6   any.
7           Before we proceed to consider specific dates, I would
8   like to confirm and perhaps make a ruling on particular dates
9   depending upon the length of trial that the government
10  contemplates and any response to that schedule from defendants.
11          Mr. Sobelman, what is the government's best estimate
12  at this point of how long it would need in order to present its
13  case?
14          MR. SOBELMAN:  Approximately two weeks.
15          THE COURT:  You say "approximately."  How much, if
16  any, flexibility might there be?
17          MR. SOBELMAN:  Your Honor, there could be some.  It
18  could be a little shorter.  It could be a little longer, but
19  the government will have a better idea as it prepares for trial
20  and the date gets closer.  Our best estimate is right now two
21  weeks.
22          THE COURT:  A little bit of wiggle room?
23          MR. SOBELMAN:  Yes, your Honor.
24          THE COURT:  All right.  Let me pose the same questions
25  to Mr. Petrillo and Mr. Braverman.

1           MR. PETRILLO:  Our best estimate for Mr. Guan is
2     between two and three days of trial time.
3           THE COURT:  Is this your own direct case?
4           MR. PETRILLO:  That's our current estimate of our
5     direct case.
6           THE COURT:  What do you contemplate that would consist
7     of?
8           MR. PETRILLO:  Among other things, your Honor, we have
9     a number of expert witnesses that would testify during the
10    defense case.  We may have some lay witnesses who are currently
11    under consideration for testimony as well.
12          THE COURT:  Thank you.
13          Mr. Braverman.
14          MR. BRAVERMAN:  Yes, sir.  Judge, I think Mr. Petrillo
15    lays it out fairly well.  There may be overlap in terms of an
16    expert here or there, but our case would be two to three days
17    as well.  Again, some lay witnesses might overlap or an expert.
18    Might call a different expert, depending, as we get closer to
19    expert disclosure.  But Mr. Petrillo and I are in conversation
20    about that, but I would expect it to be no more than three
21    days.
22          THE COURT:  Now, let's come back to when those two or
23    three days might be.  Mr. Petrillo, having heard that the
24    government may have a little bit of wiggle room, and there's
25    some uncertainty based on your submissions as to whether when

1    you make reference to February, whether that's the entire month
2    of February or the better part or the early part.  It may be
3    that if we focus each of our positions and sharpen our pencils,
4    that somewhere between the beginning of February and the middle
5    of February, we might be able to find a date that accommodates
6    all three points of view.
7            MR. PETRILLO:  Understood, your Honor.  On behalf of
8    Mr. Guan, we're certainly available throughout the month of
9    February beginning from the very first day to the last day, and
10   we're prepared to start whenever the Court's calendar would
11   permit that in the month of February.
12           THE COURT:  All right.  Mr. Braverman, what is your
13   view on that same question?
14           MR. BRAVERMAN:  Judge, I will accommodate whatever
15   Mr. Petrillo, the government, and the Court needs.  I have a
16   business trip that I was contemplating during the first week of
17   February, but if this gets set for the first week of February,
18   I will forgo that.  So that's moveable.
19           THE COURT:  All right.  In that case, let's look at
20   the calendar to see what it looks like in February and see if
21   we can pick a date, again, that would be suitable for all.
22           THE LAW CLERK:  Do the first two weeks of February
23   work for all parties?
24           MR. PETRILLO:  Yes.
25           MR. BRAVERMAN:  Yes.

1              MR. SOBELMAN:  Your Honor, the government, of course,
2    is always available at the Court's availability.  I will note
3    the sole assistant U.S. Attorney who is currently handling this
4    case, due to personal circumstances, will not be available
5    during that time.  But, of course, if the Court wants to
6    proceed then, the government will assign different assistants
7    to handle the case.  She will not be available until May.
8              THE COURT:  Is that, Ms. Dell?
9              MR. SOBELMAN:  Yes, your Honor.
10             THE COURT:  OK.  I do not believe that it would be
11   this in interest of the parties or the Court to push this date
12   out until May.  I don't see a necessity for doing that.  Let's
13   look at the first two weeks of February and see if you can make
14   it work.
15             MR. SOBELMAN:  Yes, your Honor.  If that's when the
16   Court wants to hold the trial, we'll be available to conduct
17   the trial then.
18             THE LAW CLERK:  And that would be February 2nd to the
19   13th.
20             THE COURT:  All right.
21             MR. SOBELMAN:  Your Honor, just one note before the
22   Court proceeds, and certainly if that's what the Court wants to
23   do today, the government doesn't have an objection.  We'll say
24   we are in discussions about a potential pretrial resolution
25   with one of the defendants, and that may affect when the trial

1   date may be.  For example, if we resolve the case as to that
2   defendant, the trial actually might be able to go ahead as
3   currently scheduled in October as to the other defendant.
4           So the government's preference would be to take
5   another week or two to have those discussions and then update
6   the court in a joint status letter.  We understand that at
7   least one of the defendants would rather have the new trial
8   date set today.  We understand that, but I just wanted to make
9   sure the Court knew both options.
10          THE COURT:  All right.  What is your best guess at
11  this point, Mr. Sobelman, as to the prospect that there would
12  be a resolution of the matter as to your client?
13          MR. SOBELMAN:  With respect to one of the defendants?
14          THE COURT:  Yes.
15          MR. SOBELMAN:  We are hopeful that we will reach a
16  resolution.  We've had productive discussions.  But it's
17  difficult to say with any certainty that that is going to
18  happen, but I do think we will reach ground on it in the next
19  couple of weeks.
20          THE COURT:  All right.  If it turns out that you do
21  reach a pretrial disposition or at least it looks more likely
22  than not that you will, why don't we at that point we visit the
23  question as to when would be the optimal date to start the
24  trial as to the remaining defendant.
25          MR. SOBELMAN:  Yes, your Honor.  The government has no

1  issue with that in principle.  I think depending on the timing,
2  there obviously could be difficulties for both sides in having
3  a date that moves and not being able to plan around it, and so
4  the government is sensitive to that.
5          The government's ask today would be to sort of pencil
6  in the February date but not actually adjourn the trial today.
7  Maybe ask counsel to hold that date and then give the
8  government and the defense a couple of weeks to continue the
9  discussions, and then update the Court about whether they're
10 successful or not.  If they're successful, then the Court can
11 decide whether to continue the October date or move to
12 February.  If they are not successful, the Court can simply
13 move the trial to February.
14          THE COURT:  What is the disposition concerning speedy
15 trial considerations under their proposal because you said
16 pencil it in?
17          MR. SOBELMAN:  Your Honor, what the government
18 proposed is the trial date formally remain the October date,
19 and the government's understanding is that speedy trial time
20 has already been excluded until that date.  If and when the
21 Court formally moves the trial date to February, if that
22 becomes necessary, the government would intend to seek an
23 inclusion of speedy trial time from October to February at that
24 time.
25          THE COURT:  Mr. Petrillo, is that OK with your client?

1          MR. PETRILLO:  Your Honor, on behalf of Mr. Guan, we
2     would rather have a certain date today so that we have a date.
3     The reason for that is both logistical and state of mind; you
4     know, the security that comes along with knowing when you are
5     going to trial.  But we have other matters that are live in our
6     office, and to have a floating date that is contingent on a
7     potential resolution for our codefendant, you know, the
8     probability of which cannot be ascertained today and may never
9     happen, is not ideal for us, given that we have the summer
10    coming up.  There are other matters on the docket.
11         And so our preference, and I certainly understand
12    where the government is coming from, is to set the February
13    date.  If it turns out that there's a disposition, we can all
14    come back and figure out whether there's an earlier time that
15    we can start, and we'll be open to discussing that.  But I'd
16    rather not walk out today with uncertainty as to when we are
17    scheduled for trial simply because it's hard to plan our own
18    calendars without knowing, you know, what we can depend on.
19         THE COURT:  Thank you.  Mr. Braverman, your view on
20    this?
21         MR. BRAVERMAN:  Judge, I echo what Mr. Petrillo said.
22    The only thing I would add is that some of the Court's
23    colleagues will smell an opening in February and seek to go in
24    there unless I am able to tell them that I have it blocked out
25    for that month.  I have other matters that are likely to be

1   scheduled for trial.  In fact, I have an appearance for Judge
2   Seibel this Friday where she is going to be looking to set a
3   trial date, so I would like to know if it's possible.
4   Certainly, we will serve the Court's wishes, but it would be
5   good to know with certainty where we are.
6            THE COURT:  All right.  I thank you.
7            Having heard both sides on this issue, my inclination
8   is to set the date for the February trial, of course, taking
9   into account what might happen.  If it does happen, then we can
10  come back to the Court, and we can then reorder the trial date
11  accordingly.
12           Mr. Sobelman, is there a motion on the schedule?
13           MR. SOBELMAN:  Your Honor, what is the precise date
14  the Court is contemplating for the trial?
15           THE COURT:  February 2.
16           MR. SOBELMAN:  Yes, your Honor.  The government
17  respectfully requests that time be excluded in the Speedy Trial
18  Act for the date for which it was previously excluded in
19  October of 2025 until February 2 of 2026 to allow the parties
20  to continue discussing a potential pretrial resolution and to
21  prepare for the trial on that date.
22           THE COURT:  Thank you.
23           Mr. Petrillo.
24           MR. PETRILLO:  We have no objection to the exclusion
25  of time to February 2, 2026.

1      THE COURT:  Mr. Braverman.

2      MR. BRAVERMAN:  Judge, I join.  It was originally my
3  application, and I had joined as well.  Thank you, sir.

4      THE COURT:  All right.  So on the government's motion
5  to exclude time from speedy trial calculations from today
6  through the trial date of February 2, 2026, no objection is
7  recorded by the defendants.  The motion is granted.

8      I find that the reasons conveyed to the Court warrant
9  the exclusion of time, as it is intended to ensure the
10 effectiveness of counsel and to prevent any miscarriage of
11 justice.  The Court is satisfied that the ends of justice
12 served by the granting of this continuance outweigh the best
13 interest of public and the defendants in a speedy trial.  This
14 order of exclusion of time is pursuant to the provisions of
15 Speedy Trial Act, Title 18, United States Code, Section
16 3161(h)(7)(B)(i) and (4).

17     If there's nothing else, I thank you.  Have a good day
18 and a good weekend and a good summer.

19     MR. PUVALOWSKI:  Your Honor, with respect to the
20 briefing schedule with regard to the motions that had
21 previously been set, we would ask that the schedule be adjusted
22 given the new trial date.  We can back out to the same basic
23 time periods given prior to trial.  We'll work that out with
24 the government and submit something to the Court to adjust the
25 schedule, if that's OK with the Court?

P6KRGUAc

1            THE COURT:  OK.  Why don't the parties confer and
2   submit a proposed motion schedule that the Court can then
3   endorse?
4            MR. PUVALOWSKI:  Thank you, your Honor.
5            MR. PETRILLO:  Thank you.
6            THE COURT:  Thank you.
7            DEFENDANT GUAN:  Your Honor, can I say something?
8            THE LAW CLERK:  Does your client want to say
9   something?
10           MR. PETRILLO:  No.
11           (Adjourned)
12                              o0o
13
14
15
16
17
18
19
20
21
22
23
24
25