

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 2, 2026

**BY ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:    *United States v. Weidong Guan & Le Van Hung*, 24 Cr. 322 (VM)

Dear Judge Marrero:

The Government respectfully writes in further response to the Court's inquiries at the May 8, 2026 conference and to follow up on the Government's May 15, 2026 letter (Dkt. 128) to report on the parties' limited progress regarding stipulations, and to advise the Court that the Government will consequently likely have to move *in limine* to authenticate more than 1,000 documents should further progress not be forthcoming.

Although, following the Government's May 15 letter, the Government has extensively attempted to engage with defense counsel regarding stipulations, no stipulations have yet been signed. Counsel for defendant Weidong Guan has indicated his willingness to sign several of the Government's stipulations, and has requested certain changes to one of those stipulations. The Government made those changes, but counsel for Guan has still not signed any of the stipulations. As to Hung, his counsel communicated to the Government on May 26, 2026, that he would most likely agree to the stipulations, consistent with Guan's position, but that he had been unable to reach a final decision on the Government's requested timeline. Counsel for Hung has not responded to the Government's request to identify what timeline he would need to reach a final decision, or to the Government's follow-up request to advise by June 1 which stipulations he planned to sign. Accordingly, the defendants have yet to enter any stipulations.

The currently outstanding stipulations are highly similar to the versions the Government first circulated to the defendants on April 4, 2026, almost two months ago. Although the stipulations concern voluminous documents, the defendants have now had over 60 days to review the stipulations, which, by comparison, is as much time as the defendants in the highly document-intensive Bernard Madoff securities fraud trial—a case involving one of the most extensive criminal schemes prosecuted in this District—had to review the entire exhibit set. *See United States v. Bonventre*, No. 10 Cr. 228 (LTS), 2013 WL 2303726, at *7 (S.D.N.Y. May 28, 2013) (ordering disclosure of Government exhibits 60 days before trial).

The Government will continue to endeavor to reach stipulations, but absent any progress the Government expects it will have to move *in limine* to authenticate numerous documents that are the subject of pending stipulations, potentially resulting in judicial inefficiency.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    s/ Paul M. Monteleoni
       Benjamin M. Burkett / Rebecca T. Dell /
       Paul M. Monteleoni /Amanda C. Weingarten
       Assistant United States Attorneys
       (212) 637-2455 / 2198 / 2219 / 2257

cc: Counsel of Record (by ECF)