

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 18, 2026

**BY ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** ***United States v. Weidong Guan & Le Van Hung*, 24 Cr. 322 (VM)**

Dear Judge Marrero:

The Government respectfully writes in the above-captioned matter, in light of a recent representation to the Government by counsel for defendant Le Van Hung that he intends to file a supplemental motion premised on an allegation that the Government's prosecution team was exposed to additional allegedly privileged communications that Hung did not previously identify in his June 15, 2026 motion (Dkts. 153-55), for two related purposes:

First, with Hung's consent, the Government requests that the Court order that Hung file his supplemental motion by noon tomorrow, June 19, 2026, and that the Government's deadline to file its response to Hung's initial motion concerning allegedly privilege documents and his anticipated supplemental motion be extended to June 22, 2026, in order for the Government to respond to both motions in a single memorandum, which will promote both attorney and judicial efficiency.

Second, the Government requests that the Court order Hung to provide the Government a privilege log addressing each document produced by the Government and over which he is claiming privilege, as well as redacted copies of such documents, so that the Government may determine whether it believes that one or more claims is incorrect or if more information is needed, as is standard when a party claims privilege over potentially relevant materials. Hung opposes this request.

Yesterday, on June 17, 2026, counsel for Hung informed the parties that he identified allegedly privileged documents within the Government's May 29, 2026 production (the "May 29 Production") that he did not previously identify and that did not form the basis of his original motion filed on June 16, 2026. Counsel for Hung further stated that he intended to file a supplemental motion seeking relief for the prosecution team's exposure to those allegedly privileged documents. Although the defendant did not specify which of the additional documents within the May 29 Production are allegedly privileged or describe the basis for such a claim, the

Honorable Victor Marrero
June 18, 2026
Page 2

Government immediately segregated all Hung-related documents from the May 29 Production from the prosecution team without prejudice to making any arguments or requests for relief.

In order to adequately respond to the defendant's pending motion (Dkts. 153-55) and forthcoming supplemental motion, the Government also requested that Hung provide privilege logs for each document over which he is claiming privilege within the May 29 Production— namely, each of the documents the Government identified as potentially privileged and produced to Hung only, each of the documents as to which Hung asserted privilege on June 3 and in his motion (Dkts. 153-55), and each of the documents as to which he asserted privilege on June 17 and which will presumably be the subject of his forthcoming motion—as well as redacted copies of those documents. Hung's counsel refused the Government's request, stating, in relevant part:

> [I]n a properly functioning filter-team arrangement, any privilege log would be provided to the filter team – not the trial team. The entire purpose of the wall is to prevent the trial team from learning the contents of potentially privileged materials. Your request asks us to provide the trial team with document-by-document descriptions of privileged communications and redacted copies for the trial team's own review.

Hung's counsel did not provide a legal basis for his position, nor is the Government aware of one. A privilege log, by its very nature, does not contain "the contents of potentially privileged material." Rather, a privilege log "identif[ies] each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." *Bowne of N.Y. City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993). It is well-settled in this circuit that the party claiming the protection of a privilege (or other protection) has the burden "to establish those facts that are the essential elements of the privileged relationship." *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984)). Indeed, the very purpose of a privilege log is to enable the opposing party to assess, and if necessary, challenge, privilege claims. By definition, therefore, a privilege log is itself not privileged and must be provided to the Government in order for the Government to assess a defendant's claims of privilege. *Cf.* Local Civil Rule 26.2(b) ("Where a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and information is not provided on the basis of the assertion, the information set forth in paragraph (a) above must be furnished in writing at the time of the response to the discovery or disclosure, unless otherwise agreed to in writing by the parties or ordered by the court."); *United States v. Zeitlin*, No. 23 Cr. 419 (LAK), Dkt. 99 at 2 (S.D.N.Y. Nov. 25, 2023) (denying defendant's motion to bar the prosecution team from reviewing a list of attorneys and non-attorneys with whom the defendant had communications that the defendant prepared for purposes of a privilege review because the "[l]ist itself is not now (and it never was) privileged").

The Government is not aware of a single case in which a prosecution team has been prohibited from viewing a privilege log, which proposition, if adopted, would unfairly prejudice the Government. Nor, as noted above, did defense counsel cite any such case or articulate any cogent reason why disclosure of a privilege log would be improper. Counsel's position that a

Honorable Victor Marrero
June 18, 2026
Page 3

privilege log should be turned over to the filter team—not the prosecution team—is nonsensical given that the purpose of a privilege log is to enable the adverse party to test the privilege assertions without the party claiming privilege revealing assertedly privileged information. *See In re Grand Jury Subpoena*, 274 F.3d 563, 575 (1st Cir. 2001) ("[C]ourts consistently have held that [Fed. R. Civ. P. 45(d)(2)] requires a party resisting disclosure to produce a document index or privilege log."); *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006) ("An attorney asserting privilege must timely support that claim with a 'privilege log' which describes the nature of each document being withheld.").

And it is particularly appropriate that such a log be produced here, because the Court ordered the Government to respond to Hung's motion in which he claims privilege over certain documents that the filter team found to be *not* privileged. In order to fully respond, the Government needs nonprivileged information concerning the allegedly privileged documents, including the basis for the defendant's broad claims.

In response to the Government's request, defense counsel stated that it would be "unreasonable" to provide a privilege log by tomorrow, June 19, given the volume of documents and the fact that they are in a foreign language. But counsel has had these documents for approximately three weeks and has filed one motion (and plans to file another motion) premised on his conclusion that the documents are in fact privileged—and that the Government's alleged exposure to those very same documents warrants relief. Nor, even if counsel had not already made his own determination that the documents are privileged, would it be unreasonable for counsel to prepare a privilege log by tomorrow. The materials at issue are not voluminous. On the contrary, the Government understands the entire universe of documents to be under two dozen total files. In any event, defense counsel already has been ordered to provide information regarding his privilege claims to the Court by tomorrow (Dkt. 160), and accordingly he can also do so to the Government, in the standard format—a privilege log—that is produced in virtually every case in which there is a claim of privilege over potentially relevant materials, and is well-warranted here. *See generally Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("[T]he accused, as is required

Honorable Victor Marrero
June 18, 2026
Page 4

of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.").

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    s/_____
Benjamin M. Burkett
Rebecca T. Dell
Paul M. Monteleoni
Amanda C. Weingarten
Assistant United States Attorneys
(212) 637-2455/2198/2219/2257

cc:    (by ECF)

Counsel of Record