

Timothy C. Parlatore, Esq.
Managing Partner
timothy.parlatore@parlatorelawgroup.com
Direct: 212-679-6312

June 18, 2026

The Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>     *Re: United States v. Weidong Guan and Le Van Hung, No. 24 Cr. 322 (VM) — Defendant Le Van Hung's Response to the Government's Letter Motion (Dkt. 168)*

Dear Judge Marrero:

Defendant Le Van Hung respectfully responds to the Government's letter motion at Docket Number 168, which asks the Court to order Mr. Hung to produce a privilege log and redacted copies of the documents at issue in his pending privilege motions. Mr. Hung does not oppose the Government's proposed briefing schedule but opposes the privilege log demand for the reasons set forth below.

## I. THE GOVERNMENT'S LETTER MOTION SELECTIVELY QUOTES DEFENSE COUNSEL

The Government's letter motion selectively quotes defense counsel's email correspondence to present an incomplete picture of the defense position. The Government quotes a single paragraph of counsel's response regarding the filter-team wall and then tells the Court that counsel "did not provide a legal basis for his position." (Dkt. 168 at 2.) In fact, counsel's email set forth three additional arguments that the Government omitted:

First, counsel wrote: "The Government's filter team failure should not result in the trial team obtaining greater access to privileged material than it would have had if the screening process had functioned properly. That is a windfall from the Government's own error, and we will not facilitate it."

Second, counsel wrote: "The Government is asking for a document-by-document privilege log covering approximately 795 pages of Vietnamese-language material in less than 48 hours, when the Government's own filter team was unable to identify these same documents as potentially privileged despite having had them for far longer."

Third, counsel wrote: "The Court's June 16 Order directed Mr. Hung to produce the privileged documents for in camera review and to identify the source of prejudice with reference to specific documents. Our in camera submission will do exactly that. If the Court determines

Licensed to Practice by the States of New York and New Jersey
U.S. District Courts in New York, New Jersey, Connecticut, Pennsylvania, Texas, and the District of Columbia
Parlatore Law Group is a nationwide cloud-based firm. Please send all correspondence electronically.
If physical mail is required, please use the central mailing address below.

www.parlatorelawgroup.com    1440 N Edgewood St, Arlington VA 22201

that a privilege log to the filter team or a special master is necessary after its in camera review, we will comply on a schedule set by the Court."

The Government chose to omit all three arguments and then characterized counsel's position as "nonsensical." The Court should have the benefit of the full correspondence.

## II. THE GOVERNMENT IDENTIFIES NO BASIS FOR REQUIRING A PRIVILEGE LOG TO THE TRIAL TEAM IN THIS CRIMINAL TAINT POSTURE

The Government cites no statute, criminal rule, standing order, protective order, or filter protocol requiring a defendant to provide the prosecution team with a privilege log in this posture, where the prosecution team's exposure to the underlying materials is itself the alleged taint.

Privilege logs are not a default feature of criminal discovery. They are a tool that a court may, in its discretion, order to facilitate the court's own determination of privilege. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) ("To facilitate its determination of privilege, a court *may* require an adequately detailed privilege log in conjunction with evidentiary submissions to fill in any factual gaps."). In practice, privilege logs in criminal cases arise in one of three ways: (1) by court order, typically as part of a discovery plan or scheduling order; (2) by agreement between the parties, often as part of a protective order or filter-team protocol; or (3) by direction of a filter team or special master overseeing the privilege-screening process. None of those mechanisms exists here, and that is the Government's own doing.

The Government chose to keep the existence of its filter team secret. No court order established the filter team. No written protocol was produced. No privilege-screening framework was disclosed to the defense or, on information and belief, to the Court. The protective orders at Docket Numbers 20 and 36 do not contain a clawback provision, do not reference Federal Rule of Evidence 502, and do not establish a procedure for handling potentially privileged materials or for the production of privilege logs. The Government never proposed, and the parties never agreed to, a discovery plan that included a privilege-log mechanism. Having chosen to operate its filter team in secret, without a court-approved protocol or an agreed-upon procedure for privilege disputes, the Government cannot now demand that the defense produce a privilege log to the trial team on less than nineteen hours' notice.

Mr. Hung does not dispute that he bears the burden of supporting his privilege claims. He is doing so. The question is to whom the privilege identification should be directed and on what timeline.

The Court, for its part, has already established the appropriate mechanism. The Court's June 16, 2026 Order (Dkt. 160) directed Mr. Hung to produce the privileged documents for in camera review and to identify the source of prejudice with reference to specific documents. The Second Circuit has recognized that "in camera review can be an appropriate procedure for district judges to rely upon when called to handle particularly sensitive documents." *In re The City of New York*, 607 F.3d 923, 961 (2d Cir. 2010); *see also United States v. Al Farekh*, 956 F.3d 99, 116-17 (2d Cir. 2020) (in camera review appropriate for sensitive documents in criminal cases). Mr. Hung's in camera submission will identify every document over which privilege is

2

asserted, the privilege basis, and the source of prejudice. That process satisfies the legitimate need for privilege adjudication without further disclosing strategic privilege information to the trial team.

The Government does not need a privilege log to respond to the pending motions. The supplemental motion identifies the categories of privileged material and the legal bases for the privilege claims. The Government can address the applicable legal standards, including waiver, the scope of the marital privilege, and the Kovel doctrine, without a document-by-document identification directed to the trial team. The Court will evaluate the specific documents through in camera review.

## III. A PRIVILEGE LOG TO THE TRIAL TEAM WOULD COMPOUND THE HARM

Privilege logs ordinarily serve a straightforward purpose: they allow the adverse party to evaluate privilege claims over documents it has not seen, so it can challenge those claims before the court if warranted. That purpose presupposes that the adverse party does not already possess the underlying documents. Here, the posture is inverted. The defense is not resisting disclosure to the trial team. The trial team already has the documents. The defense is pointing out that the trial team should never have received them in the first place.

The defense recognizes that the Government ordinarily has a legitimate interest in evaluating privilege claims. But that interest is adequately served by the in camera process the Court has already ordered, and it does not justify directing privilege identifications to the trial team whose potential contamination is the subject of the pending motions.

The problem is not that a privilege log is inherently privileged in every case. The problem is that in this case, a log would identify the most sensitive documents within a production already mishandled by the prosecution team. That is not a tool for testing privilege claims. It is a roadmap to the privileged material within a production the prosecution has already reviewed.

The Second Circuit has recognized that compelled disclosure can "compound[] the statutorily proscribed invasion of . . . privacy by adding to the injury of the interception the insult of compelled disclosure." *SEC v. Rajaratnam*, 622 F.3d 159, 174 (2d Cir. 2010) (quoting *Gelbard v. United States*, 408 U.S. 41, 51-52 (1972)). That principle applies here: the filter team failure was the initial invasion; a privilege log to the trial team would be the compelled disclosure that compounds it.

In *United States v. Walker*, 243 F. App'x 621, 623 (2d Cir. 2007) (summary order), the court credited the use of an "insulated team of prosecutors" precisely because the trial team should not be the first-line recipient of potentially privileged materials. By the same logic, privilege identifications, which tell the adversary which documents are strategically sensitive, should be directed to an insulated reviewer or the Court, not to the trial team that is the subject of the contamination inquiry.

Nor would a more modest screening mechanism prejudice the Government. In *United States v. Weigand*, 482 F. Supp. 3d 224, 265-66 (S.D.N.Y. 2020), the court required a defendant to provide attorney-identification information to facilitate screening of seized devices, while rejecting broader demands not grounded in Rule 16. That approach illustrates the appropriate distinction here: information necessary to permit a neutral or insulated privilege review may be

ordered, but the trial team need not receive a document-by-document roadmap to communications whose exposure is the very subject of the taint motion.

## IV. THE TIMELINE IS UNREASONABLE AND RISKS WAIVER

The Government asks the Court to order a privilege log by noon tomorrow, less than nineteen hours from the filing of its letter motion, covering approximately 795 pages of Vietnamese and Korean material. The Second Circuit has held that a district court "exceeded the bounds of its discretion" by giving defense counsel only one day to review foreign-language materials, because "without the complete translation" it was "impossible to determine" the content. *United States v. Djibo*, No. 16-3956-cr, slip op. at 5-6 (2d Cir. Apr. 17, 2018) (summary order). The Government's characterization of the materials as "under two dozen total files" is misleading, as those files contain hundreds of pages of handwritten Vietnamese text requiring translation before any responsible privilege determination can be made.

Moreover, the defense's privilege review is ongoing. Counsel has identified certain privileged documents through AI-assisted translation, but has not completed a page-by-page review of all 795 pages of Vietnamese and Korean material. Ordering a privilege log at this stage would effectively impose a deadline on the privilege assertion itself, risking waiver as to any documents not yet fully reviewed and identified. The defense should not be forced to choose between an incomplete privilege log that forfeits claims on unreviewed documents and a request for additional time that the Government will characterize as delay.

## V. THE GOVERNMENT'S OWN REQUEST CONFIRMS THAT THE PRIVILEGE ISSUES REQUIRE AN ORDERLY PROCESS

The Government's request for additional briefing time and additional procedures confirms that the issues raised by the pending motions are not amenable to resolution on a nineteen-hour privilege-log deadline. Three days ago, the Government told this Court that the anticipated privilege and CIPA motions were "highly straightforward, frivolous, and in any event, waived," and that the Government was "prepared to respond to any such motions promptly." (Dkt. 159 at 2.) Now the Government asks for an extension of its own response deadline, requests coordinated briefing, and demands privilege logs and redacted copies before it can respond.

If the Government needs these procedural accommodations to respond to the pending motions, the defense and the Court need adequate time as well. The appropriate course is to adjourn the trial date to permit proper briefing, an evidentiary hearing if warranted, and resolution of the privilege claims before trial, not to compress the process further by demanding a privilege log on nineteen hours' notice.

## VI. RELIEF REQUESTED

Mr. Hung respectfully requests that the Court deny the Government's request for a privilege log and redacted copies directed to the trial team. The Court's in camera review, supported by Mr. Hung's in camera submission identifying the documents, privilege basis, and source of prejudice, is the appropriate mechanism for adjudicating the privilege claims in the first instance. If the Court determines that additional privilege identification is necessary, Mr. Hung requests that any such log be submitted to the Court, a special master, or an insulated

filter team, not the trial team whose exposure is the subject of the pending motions, and on a reasonable schedule that permits translation and document-by-document review.

Respectfully submitted,

Timothy C. Parlatore