UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

      -against-                          No. 24-cr-0322 (VM)

WEIDONG GUAN and LE VAN HUNG,

      Defendants.
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LE VAN HUNG'S
MOTION FOR AN EVIDENTIARY HEARING, CLAWBACK ORDER, AND
PROTECTIVE RELIEF BASED ON THE GOVERNMENT'S FAILURE TO MAINTAIN
AN ADEQUATE PRIVILEGE SCREEN**

                    Timothy C. Parlatore, Esq.
                    Parlatore Law Group, LLP
                    *Attorneys for Defendant Le Van Hung*
                    260 Madison Ave., 17th Floor
                    New York, New York 10016
                    (212) 679-6312

# Table of Contents

*PRELIMINARY STATEMENT* ........................................................................................... *1*

*ARGUMENT* ..................................................................................................................... *1*

I. THE MOTION SEEKS A HEARING, NOT A REMEDY, WHICH NARROWS
THE QUESTION BEFORE THE COURT ............................................................................ 1

II. UNDER THE GOVERNMENT'S OWN AUTHORITY, THE THRESHOLD FOR
A HEARING IS MET .......................................................................................................... 2

III. THE GOVERNMENT CANNOT RESOLVE A CONTESTED FACTUAL
DISPUTE BY UNSWORN ARGUMENT ........................................................................... 5

IV. THE FILTER FAILURE DISTINGUISHES THE ROUTINE-FILTER-TEAM
CASES, AND SDNY AUTHORITY FAVORS JUDICIAL REVIEW .................................... 6

*CONCLUSION* ................................................................................................................... *7*

**PRELIMINARY STATEMENT**

Defendant Le Van Hung respectfully submits this Reply memorandum in further support of his motion (Dkt. 153) and supplemental motion for an evidentiary hearing concerning the Government's privilege-screening failures in the May 29, 2026 production (Production 32).

The Government's opposition asks the Court to do something it cannot properly do: resolve, on unsworn attorney argument, the precise factual question that an evidentiary hearing exists to answer, namely what the prosecution team accessed, reviewed, and understood among the never-screened Category 1 documents. Mr. Hung does not ask the Court to find a violation, to suppress evidence, to disqualify the prosecution team, or to dismiss the indictment. He asks only for an evidentiary hearing and the limited discovery necessary to make that hearing meaningful. Indeed, no such remedy can be assessed, or even responsibly requested, until the hearing has developed the factual record on which any remedy would depend. Under the Government's own lead authority, that hearing is required.

**ARGUMENT**

**I. THE MOTION SEEKS A HEARING, NOT A REMEDY, WHICH NARROWS THE QUESTION BEFORE THE COURT**

Much of the Government's opposition is devoted to arguing that dismissal and disqualification are extraordinary remedies that require a showing of intentional misconduct and actual prejudice. Mr. Hung does not seek those remedies now. He seeks an evidentiary hearing, accompanied by limited pre-hearing discovery, to develop the factual record. The Court cannot assess, and Mr. Hung cannot responsibly request, any ultimate remedy until that record exists. All questions of remedy are therefore reserved for after the hearing.

That distinction controls the analysis. The Second Circuit's sequence is to hold the hearing first and resolve use and prejudice second. In *United States v. Schwimmer*, 892 F.2d 237, 245 (2d

1

Cir. 1989), the court held that where the record was "insufficient to support the perfunctory findings of the district court with respect to the privilege issue," the proper course was to "remand for a hearing and detailed findings," and then, "in the event of an affirmative finding, a determination as to what use was made of the derivative information and whether a substantial right of the appellant was affected.". The hearing comes first; the determination of use and prejudice comes after.

Indeed, the Government's own lead citation confirms the point. The Government cites *United States v. Schwimmer*, 924 F.2d 443, 447 (2d Cir. 1991), for the proposition that "a defendant must show prejudice to his case resulting from the intentional invasion of the attorney-client privilege.". But the *Schwimmer* court reached that conclusion only after the Second Circuit ordered the hearing in *Schwimmer*, 892 F.2d at 245, and the district court held that hearing and developed a sworn record. The Government asks this Court to skip the step that *Schwimmer* itself required. The Government's remedy authorities are premature. The only question now is whether the threshold for a hearing is met.

## II. UNDER THE GOVERNMENT'S OWN AUTHORITY, THE THRESHOLD FOR A HEARING IS MET

The Government's lead authority supplies the governing standard, and that standard requires a hearing here. In *United States v. Sharma*, No. 18 Cr. 340 (LGS), 2019 WL 3802223 (S.D.N.Y. Aug. 13, 2019), the court explained that "[t]o warrant a taint hearing, Defendants have the burden of showing a 'factual relationship' between the privileged information and the prosecution," and that only "[a]n insubstantial and speculative possibility of taint does not trigger Kastigar." *Id.* at *5. The court denied a hearing in *Sharma* because the defendants had "shown no such relationship." *Id.*

2

The facts that defeated a hearing in *Sharma* are the inverse of the facts here. In *Sharma*, the Government and defense had an agreed privilege-screening protocol, and a filter team walled off from the investigation identified and segregated privileged materials. *Id.* at *2. The exposure consisted of 21 potentially privileged documents out of approximately 1.3 million files. *Id.* at *3. The document defendants identified as containing "very specific factual and legal defenses" was "configured in a long file of html code such that it was not recognizable as a potentially privileged communication," and the court found it did not appear that anyone on the prosecution team had read it. *Id.* at *4. On those facts, the possibility of taint was "insubstantial and speculative."

Category 1 presents the opposite of every one of those facts:

1. *No functioning screen.* The Category 1 documents were never identified by the filter team and never segregated. There was no protocol that caught them, and no wall between them and the prosecution team. The Government concedes this: it segregated these documents only after defense counsel identified them on June 17.

2. *Readable content.* Unlike the unreadable HTML document in *Sharma*, the Category 1 materials include documents containing English-language text readable on their face, including the defendant's own handwritten case analysis, bearing the words "innocent" and "drug/medicine?," charge references, and appeal deadlines, all in English.

3. *Conceded review.* The Government concedes that a prosecution-team member reviewed the "basic attributes" of the Non-Screened Documents, including "isolated handwritten English language words" and "numbers, including apparent dates." That is not the passive, unwitting possession of an unreadable file. It is an affirmative review of materials that, in Category 1, included readable English content.

This is a concrete, document-specific, and conceded factual relationship between privileged material and the prosecution team, precisely what *Sharma* found absent. The question is not whether the defense can prove on the papers that the prosecution team comprehended privileged strategy. That is the question for the hearing. The question now is whether the factual predicate for the hearing is present. It is.

The Government's remaining hearing-denial authorities confirm rather than defeat this conclusion. Each case the Government cites either involved a defendant who showed no factual connection at all, a functioning screen that limited the exposure, or a hearing that was actually held before relief was assessed:

- In *United States v. Blau*, 159 F.3d 68, 72-73 (2d Cir. 1998), the defendant failed to connect an immunized proffer about real estate fraud to a later kickback prosecution. The court found the "factual relationship" entirely absent. That is a threshold-failure case, not a filter-team case.

- In *United States v. Hoey*, 725 F. App'x 58, 61 (2d Cir. 2018) (summary order), the defendant failed to show a factual connection between the allegedly privileged information and the charges. Again, no filter-team failure involving prosecution access to readable defense-strategy materials was present.

- In *United States v. Walker*, 243 F. App'x 621, 623 (2d Cir. 2007) (summary order), the Second Circuit affirmed denial of disqualification where a screening procedure limited trial-team exposure and the materials that reached the trial team did not reveal defense strategy. That is a functioning-screen case.

The Government has not identified any authority in which a court denied a taint hearing where the prosecution team had unrestricted access to never-screened privileged materials, the

4

materials contained content readable without translation, and the government offered only unsworn attorney representations regarding what was reviewed. That combination of facts is present here.

### III. THE GOVERNMENT CANNOT RESOLVE A CONTESTED FACTUAL DISPUTE BY UNSWORN ARGUMENT

The Government's opposition rests on its representation that no member of the prosecution team translated, read, or became aware of the contents of the privileged materials. Whatever the merits of that representation, it is unsworn attorney argument in a brief. It is not a certification from any individual who actually had access to the production. And it asks the Court to resolve, on the papers, the central disputed fact, namely what the prosecution team saw and understood, that an evidentiary hearing exists to resolve.

The defect cannot be cured by a single representation. Establishing what the prosecution team accessed and understood would require sworn statements from every individual who had access to Production 32, including the four trial AUSAs, the paralegal who transmitted the production, the additional USAO personnel copied on the transmittal, and any investigative agents, addressing what each reviewed and whether any privileged content was comprehended or used. That is the work of an evidentiary hearing, not a memorandum of law.

New York privilege-intrusion cases underscore that courts rely on sworn, record-based assurances, not bare argument, when deciding whether access to privileged material was harmless. In *People v. Swartz*, 235 A.D.3d 1098 (3d Dep't 2025), the court upheld the denial of a hearing where the prosecutor had "repeatedly averred, in writing and on the record, that she had no information regarding victim 2's interview that was adverse to the People.". Here, there is no functioning screen for Category 1 and no sworn proof of any kind, only argument.

Nor would a belated submission of declarations obviate the hearing. A declaration is testable only through examination. Should the Government now come forward with sworn statements, those statements would themselves be proper subjects for examination at the hearing Mr. Hung seeks. They would confirm the need for the hearing, not eliminate it.

## IV. THE FILTER FAILURE DISTINGUISHES THE ROUTINE-FILTER-TEAM CASES, AND SDNY AUTHORITY FAVORS JUDICIAL REVIEW

The Government cites a series of decisions for the proposition that filter teams are routine and adequate in this District. Those cases presuppose a filter team that functioned. None addresses a screen that never touched the documents at issue. The premise of the Government's authority, a working privilege screen, is precisely what is absent as to Category 1.

This District's own authority reflects appropriate skepticism of government self-screening and favors judicial review as the safeguard. In *In re Search Warrant for Law Offices Executed on March 19, 1992*, 153 F.R.D. 55, 59 (S.D.N.Y. 1994), the court observed that "reliance on the implementation of a Chinese Wall, especially in the context of a criminal prosecution, is highly questionable, and should be discouraged," because "[t]he appearance of Justice must be served, as well as the interests of Justice," and because it is "a great leap of faith" to assume such a wall is impenetrable, "notwithstanding our own trust in the honor of an AUSA."[1] The procedure the court endorsed was in camera judicial review of the disputed materials. *Id.* at 58. That is precisely the procedure the Court has already set in motion through its June 16 Order directing in camera review (Dkt. 160). The appropriate mechanism for resolving these issues is judicial review on a developed record, not the Government's after-the-fact assurance.

---

[1] The opening motion (Dkt. 153) characterized this opinion's holding and inadvertently presented that characterization within quotation marks. Counsel respectfully corrects the record: the quoted formulation does not appear verbatim in the opinion. The opinion's actual language, quoted above, supports the proposition for which it was cited.

6

**CONCLUSION**

For the foregoing reasons, Mr. Hung respectfully requests that the Court grant an evidentiary hearing concerning the prosecution team's access to and review of the Category 1 documents, and order the limited pre-hearing discovery necessary to make that hearing meaningful:

1. Sworn certifications from each individual who had access to Production 32 addressing what that individual reviewed, translated, summarized, or assessed, and whether any derived information was used or communicated;

2. Identification of all personnel who received or could access the USAfx download link through which the production was transmitted; and

3. Sequestration of all materials derived from the Category 1 documents, so that the hearing record is preserved.

This discovery defines the universe of witnesses and the scope of the hearing; it is the predicate for a meaningful evidentiary proceeding, not a separate fishing expedition.

Mr. Hung reserves all arguments concerning the appropriate remedy, including any constitutional remedy, for determination after the evidentiary hearing.

Dated: June 23, 2026

Respectfully submitted,

Timothy C. Parlatore, Esq.
Parlatore Law Group, LLP
*Attorneys for Defendant Le Van Hung*
260 Madison Ave., 17th Floor
New York, New York 10016
(212) 679-6312

7