655 Third Avenue, 12th Fl.
New York, NY 10017

T: 212.370.0330
www.pkbllp.com

# Petrillo Klein + Boxer LLP

**GUY PETRILLO**

gpetrillo@pkbllp.com
D: 212.370.0331
M: 646.385.1479

June 29, 2026

***BY ECF***

Honorable Victor Marrero
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Weidong Guan*
              24 Cr. 322 (VM)

Dear Judge Marrero:

      In connection with the above-referenced case and on behalf of our client Weidong "Bill" Guan, we respectfully submit this letter motion to preclude the government from offering into evidence several[1] of its proposed summary charts — specifically, GX 801, 802, 803, 809, 852, 853, 854, and 901 — as they plainly do not constitute proper summary evidence under Federal Rule of Evidence 1006 ("Rule 1006"). Rather than constituting a fair summary of voluminous documents as the rule contemplates, the objected-to charts reflect inherently argumentative, one-sided, selective summaries of the government's case-in-chief that references evidence that has been unfairly excerpted and/or taken out of context and that at times includes editorial content that does not appear anywhere in the underlying evidence. These unfair exhibits do not meet the requirements of Rule 1006 and are unduly prejudicial under Rue 403 and should be excluded.

---

[1] Notably, of the 31 summary exhibits proffered by the government, Mr. Guan is objecting outright to only six: Mr. Guan has no objection to GX 950; no objection to GX 810 through 831 subject to the accuracy of the Vietnamese translations underlying those exhibits; and, as discussed further below, no objection to the use of GX 802 and 803 as illustrative aids under Rule 107 of the Federal Rules of Evidence ("Rule 107").

**Petrillo Klein + Boxer**

I.      Applicable Law — Rule 1006 "Summaries" and Rule 107 "Illustrative Aids"

Rule 1006 permits the use of "a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." Fed. R. Evid. 1006(a). A threshold requirement is that a Rule 1006 summary must accurately reflect, in non-argumentative fashion, the underlying voluminous evidence on which the summary is based and whose contents the summary is intended to prove. That is why the party seeking to admit the summary exhibit must establish that "the summary is accurate and nonprejudicial" and "great care must be taken to ensure that the proposed summary contains no annotation or suggestion, even inferential, that may be considered argumentative." *UPS Store, Inc. v. Hagan*, No. 14-CV-1210 (WHP), 2017 WL 3309721, at \*5 (S.D.N.Y. Aug. 2, 2017); *see also United States ex rel. Morsell v. NortonLifeLock, Inc.*, 651 F. Supp. 3d 95, 164 (D.D.C. 2023) (stating a Rule 1006 summary may not "present the data in a way that doubles as legal argument").

These principles reflect the concern of the courts that summary charts can, by virtue of their persuasive format, function as an improper advocacy tool submitted to the jury during deliberations. *See United States v. Conlin*, 551 F.2d 534, 538-39 (2d Cir. 1977) ("A chart submitted by the prosecution is a very persuasive and powerful tool and must be fairly used, since, by its arrangement and use, it is an argument to the jury during the course of the trial."). Courts must examine critically the government's attempts to introduce summary charts because a chart that "presents an unfair picture can be a potent weapon for harm, and permitting the jury to consider it is error." *Id.* at 539. In performing such critical analysis, numerous courts have excluded the government's summaries of its entire case-in-chief because the charts were effectively veiled summations introduced in the middle of trial. *See, e.g.*, *United States v. Ekwuruke*, 372 F. Appx. 521, 523 (5th Cir. 2010) ("[S]ummary testimony cannot be used 'to allow the Government to repeat its entire case-in-chief shortly before jury deliberations.'" (quoting *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003)); *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998) (summaries cannot take the form of "mini-summation[s]"). Ultimately, "a summary [under Rule 1006] must be objective and must not serve as an editorial for one party's case." *United States v. Mccomber*, No. 24-4376, 2026 WL 266808, at \*5 (4th Cir. Feb. 2, 2026); *see also United States v. Lemire*, 720 F.2d 1327, 1350 (D.C. Cir. 1983) ("[A] summary [chart] should not draw controversial inferences or pronounced judgment; these functions are best left to the closing argument of counsel.").

Judge Nathan addressed this very issue in *United States v. Maxwell* when she rejected the government's summary exhibit as a mini summation. In *Maxwell*, the government sought to call an FBI agent whose testimony would be "limited to his analysis of exhibits" and would "connect up several exhibits and review them in a way to make

those exhibits clear to the jury." *United States v. Maxwell*, 20-CR-330 (AJN) (S.D.N.Y. Dec. 9, 2021), ECF 757 at 1980:4, 1980:13-14. The agent was not involved in the investigation, and his role was limited to analyzing records in preparation for trial. *Id.* at 1983:4-5. The government added that the agent's testimony would "review [the exhibits] in a way to make those exhibits clear to the jury and publish them to show, for example, the continuity of certain phone numbers and names, where they change over time, where they are in the message books in order to make that clear for the jury." *Id.* at 1980:13-18. Judge Nathan saw the government's chart for what it was: "a streamlined version of the closing argument." *Id.* at 1988:1-2. Judge Nathan concluded that it was improper for the government to admit a summary chart through a witness who had no involvement in the case aside from reviewing the summary:

> I'm not aware — I'm not aware — certainly seen summary with investigative officers. That's not this. And I've seen officers who are analyzing complicated data under 1006 provide that to the jury. That's not this. And I've seen, when the evidence comes in, the government spend a fair amount of time — as you've done with some exhibits — going through piece by piece in order to highlight and draw certain connections. I'm not going to let you do it through a witness who has no personal experience. I think you do it in closing. That's what this is, it's closing argument.

*Id.* at 1988:2-12.

Judge Nathan is not alone in spotting the government's attempts to admit into evidence summation-like summary charts.[2] *See United States v. Storm*, No. 23-CR-430 (KPF) (S.D.N.Y. July 22, 2025), ECF 255 at 1095:8-14 (addressing defendant's concerns about the government's summary witness's testimony turning into a summation and noting that the government represented it would "be abiding by the law" and not "making these [summary] witnesses summations before the summations"); *Ekwuruke*, 372 F. Appx. at 523; *Bray*, 139 F.3d at 1110; *Mccomber*, 2026 WL 266808, at *5; *see also Lemire*, 720 F.2d at 1350.

The recent amendment to Rule 1006 emphasizes that summary exhibits must be fair and non-argumentative. In the past, courts have misapplied Rule 1006, both by confusing whether summary charts are to be actually admitted into evidence (they are) and by admitting into evidence summaries that organize evidence in argumentative forms

---

[2] Commentators have also noticed a "growing, and disturbing, trend taking place in federal criminal practice" whereby the government "deliver[s] multiple . . . summations throughout the trial itself through the use of summary witnesses pursuant" to Rule 1006. *See* Paul Townsend, "Summary Witnesses and Due Process," N.Y.L.J. (Dec. 12, 2022).

and create visual representations appropriate for closing arguments. As a result, in 2024, the Advisory Rules Committee amended Rule 1006 to correct "misperceptions about the operation of [summary evidence]." Fed. R. Evid. 1006, advisory committee notes to 2024 amendments. The Committee noted that the purpose of Rule 1006 is to "permit alternative proof of the content of writings, recordings, or photographs too voluminous to be conveniently examined in court," and that the rule's intended purpose is to admit the summaries "as evidence." *Id*.

In amending Rule 1006, however, the Committee drew the important "distinction between summaries of voluminous admissible information offered to prove a fact," which are governed by Rule 1006, and "illustrations offered solely to assist the trier of fact in understanding the evidence," which are governed by Rule 107. *Id*. Rule 107 states that a court "may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107(a).[3] In essence, Rule 1006 summaries are offered to prove content, while Rule 107 illustrative aids "summarize and display evidence (particularly documentary evidence) that has already been admitted at trial." 2 McCormick on Evid. § 214 (9th ed.). These aids are meant to "render [that admitted evidence] more comprehensible to the trier of fact" by helping the jury understand "other real, testimonial and documentary evidence." *Id*. Although Rule 1006 summaries are admitted as substantive evidence, Rule 107 is explicit that an illustrative aid is "not evidence and must not be provided to the jury during deliberations." Fed. R. Evid. 107(b). The Committee also reiterated that a Rule 1006 summary must pass Rule 403's balancing test. When a "summary does not accurately reflect the underlying voluminous evidence, *or if it is argumentative*, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion." Fed. R. Evid. 1006, advisory committee notes to 2024 amendments (emphasis added).

II.     The Objected-To Summary Charts Are Inadmissible Under Rule 1006

The objected-to summary exhibits in the instant case are not the kind of neutral, non-argumentative summaries of voluminous data that is contemplated by Rule 1006 but rather constitute one-sided, summation presentations disguised as evidence. Indeed, the summary exhibits are unfairly cherry picked in two ways: they incorporate language from

---

[3] The Committee chose the term "illustrative aid" instead of "demonstrative evidence," since the "latter term has been subject to differing interpretation." Fed. R. Evid. 107, advisory committee notes to 2024 amendments. "An illustrative aid is any presentation offered not as evidence but rather to assist the trier of fact in understanding evidence or argument." *Id*. Whereas "demonstrative evidence" is "better applied to substantive evidence offered to prove, by demonstration, a disputed fact." *Id*.

only those select underlying documents that the government deems to be consistent with its theory; and then they often incorporate only excerpts from those selections, leaving out important context in the underlying documents themselves. In sum, unlike the neutral presentation of voluminous data contemplated by the rule, the government's charts portray only the evidence that support the guilty inferences that the government will ask the jury to draw during its closing, while leaving out exculpatory information that would undermine the government's case. Such unfair evidence is not properly admitted as summary evidence and should not be permitted in the jury room.

The specific bases for Mr. Guan's objections to GX 801, 802, 803, 809, 852, 853, 854, and 901 are set forth below.

- <u>GX 801</u>: GX 801 is a 101-page chronology of events that take place over a five-year period — May 16, 2019, to May 20, 2024 — in the form of a spreadsheet covering 1,637 rows. It does not purport to reflect a comprehensive summary of any given set of underlying data or evidence but rather references cherry-picked quotations or data from a smattering of text or mobile chat messages, emails, Google search history, bank transactions, Facebook messages or posts, and customer service messages with financial or cryptocurrency institutions. The government selects references only from those documents that it believes supports its theory of the case, and in most cases each row of GX 801 consists of only an excerpt of the underlying documents and communications. Moreover, some of the records contain inadmissible hearsay, thereby disqualifying the exhibit independent of any other ground. *See* GX 801 (rows relying on GX 1C-1, 1C-4, 1D-14). In essence, GX 801 constitutes the government's view of the facts in spreadsheet form. Such a presentation belongs in the government's summation, not in a summary chart that is meant to be a neutral summary of voluminous records that goes to the jury room. GX 801 is simply not a proper summary exhibit and should be excluded.

- <u>GX 802</u>: This chart identifies individuals allegedly involved in the charged conspiracy, as well as email addresses, phone numbers, Facebook accounts, and employment titles for such individuals. The chart merely organizes information about individuals relevant to the government's case in an easily digested way, a classic example of an illustrative aid under Rule 107. As noted above, Mr. Guan does not object to the use of GX 802 as an illustrative aid (assuming that all of the underlying exhibits are admitted in evidence).

- <u>GX 803</u>: This chart lists accounts at financial and cryptocurrency institutions. Like GX 802, this chart merely lays out information about the bank accounts at issue in an organized manner, but it cannot be said that the underlying documents are so voluminous that they could not be conveniently examined in court. GX 803 is, therefore, appropriately an illustrative aid under Rule 107 and not a summary

exhibit. Mr. Guan does not object to its use as an illustrative aid (again, assuming that all of the underlying exhibits are admitted in evidence).

- <u>GX 809</u>: This chart appears to be a roster of 719 exhibits the government plans to introduce and the electronic sources from where the exhibits were obtained. The sources include two cellphones — one of which belonged to Mr. Guan — two Facebook accounts, 27 Google accounts, defendant Hung's laptop, and 35 Paxful accounts. The government has not provided any additional information regarding the purpose of this chart or how the entries on the chart were selected. Until that is made clear, Mr. Guan objects to GX 809 as a summary exhibit under Rule 1006.

- <u>GX 852</u>: This chart selectively excerpts portions of 28 spreadsheets allegedly used by members of the MMO Team. Putting aside that a compilation of only small portions of 28 spreadsheets is inherently non-voluminous, GX 852 contains the government's commentary as to what is included in the underlying spreadsheet; as with other summary exhibits, such commentary does not attempt to summarize the entire spreadsheet or make calculations based on data contained therein, but rather makes note of only those portions helpful to the government and often using language that does not appear anywhere in the underlying evidence. Such commentary about the evidence is not proper in a summary exhibit under Rule 1006. GX 852 should not be admitted.

- <u>GX 853</u>: This chart appears to identify a small set of certain Paxful users, their email addresses, locations, and dates of one to three transactions that those users conducted. The chart also includes a column titled "Unique Names Sent in Paxful Chats," the meaning of this title and of the names is unclear to the defense. The government has not explained what the chart purports to summarize, how the entries were selected, or the significance of the "Unique Names" column. Accordingly, Mr. Guan objects to GX 852 as a summary exhibit under Rule 1006.

- <u>GX 854</u>: This chart reorganizes the information it already compiled in GX 853 and 901 regarding allegedly stolen unemployment insurance used to fund Green Dot cards transacted at Epoch Times. Mr. Guan objects in part because GX 854 is derived from GX 901, which is itself not a proper Rule 1006 summary. Moreover, the exhibit is inherently argumentative and includes notes in the "other" heading in which the government draws connections to other evidence. In sum, much like GX 801 above, GX 854 is not actually a summary of voluminous evidence, it is a cherry-picked roadmap that should properly be in the government's summation not in an exhibit that will go to the jury.

- <u>GX 901</u>: This chart primarily consists of separate chronologies of 32 different prepaid debit cards and how those cards were funded, traded on Paxful between

Petrillo Klein + Boxer

individuals, and ultimately transacted at Epoch Times. These chronologies, again, contain excerpts of records and communications about the 32 cards, and draw the inference that because the cards were transacted at Epoch Times then Mr. Guan knew that the cards contained proceeds of unlawful activity. This again amounts to a summation of the government's case and is not a proper summary chart.

Even if the government's exhibits were valid Rule 1006 summaries (which they are not) the Court should exclude them under Rule 403. The exhibits are excerpted to include only inculpatory material, and in turn lack the often exculpatory context in many of the documents. As noted, the charts will likely be cumulative of evidence the jury will have seen from other documents — which underlie the summaries themselves — and heard from other witnesses. Allowing the government to present summary testimony through an agent who lacks first-hand knowledge of the underlying facts of the case would merely waste the jury's time and would impermissibly give the government a chance to summarize its case before summations.

In sum, the government is attempting to use its summary charts as another summation by having its summary witnesses repeat its entire case. Even worse, the government wants this mid-trial summation to go with the jury during deliberations as evidence. Accordingly, the Court should preclude the government from offering its summary exhibits as set forth above.

Respectfully submitted,

*/s/ Guy Petrillo*
Guy Petrillo

cc:     All Counsel (Via ECF)