UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

WEIDONG GUAN,
a/k/a "Bill Guan,"

Defendant.

24 Cr. 322 (VM)

**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

**JOINT PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. Regular black text reflects questions proposed jointly by the parties. Where the parties disagree, the Government's position and proposed questions are indicated in **bold and blue text**, and the defendant's position and proposed questions are indicated in **bold and red text**. The parties' respective positions, with respect to any proposals with objections, are discussed in footnotes. The parties respectfully reserve the right to submit supplemental or revised questions based on motions or arguments made prior to trial.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or either of the defendant.

A. <u>**The Charged Offenses**</u>

So that you can understand the reason for the questions I'll be asking you, I want to tell you briefly about the charges in this criminal case. The defendant, Weidong Guan, also known as Bill Guan, has been charged with the commission of federal crimes in a document called an Indictment filed by a grand jury sitting in this District. The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove beyond a reasonable doubt. Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges now so that we can determine whether there is anything about the charges that would make it impossible for you to sit as

a fair and impartial juror.  At issue in this trial are the following counts or charges in the Indictment:

Mr. Guan is the former Chief Financial Officer of an entity called The Epoch Times Association, Inc.  The Indictment alleges, among other things, that Mr. Guan engaged in a scheme to launder tens of millions of dollars in illegally obtained funds.  In particular, Count One of the Indictment charges the defendant with participating in a conspiracy to commit money laundering, from at least in or about 2020 through at least in or about May 2024.  Count Two of the Indictment charges that, in or about June 2020, the defendant committed bank fraud.  Count Three of the Indictment charges that, in or about December 2020, the defendant committed bank fraud.

1. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them?

**B.** **Knowledge of the Trial Participants**

2. The defendant in this case, as I said, is Weidong "Bill" Guan.  [*Please ask defendant to stand*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

3. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

4. The defendant is represented by Guy Petrillo, Kevin R. Puvalowski, Marcelo Triana, and Shanice Hinckson from the law firm Petrillo Klein Boxer + LLP.  They are assisted by Peyton Sobel and Lauren Baatz.  [*Please ask defense counsel to stand*.]  Do any of you know Mr. Petrillo, Mr. Puvalowski, Mr. Triana, Ms. Hinckson, Mr. Sobel, or Ms. Baatz?  Have you or your family members or close friends had any dealings either directly or indirectly with any of them?

5. The Government is represented here, as in all cases where it is a party before

this Court, by the United States Attorney for the Southern District of New York, who is Jay Clayton. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Benjamin Burkett, Rebecca Dell, Paul Monteleoni, Daniel Richental, and Amanda Weingarten, who will be assisted by Special Agents Koren Augustin and Jared Eannucci of the U.S. Attorney's Office, Special Agent Timothy Schmidt of the U.S. Department of Labor, and Paralegal Specialists William Spehr and Emma Vorchheimer of the U.S. Attorney's Office. [*Please ask the Government team to stand*.] Do any of you know Mr. Clayton, Mr. Burkett, Ms. Dell, Mr. Monteleoni, Mr. Richenthal, Ms. Weingarten, Ms. Augustin, Mr. Eannucci, Mr. Schmidt, Mr. Spehr, or Ms. Vorchheimer? Have you or your family members or close friends had any dealings either directly or indirectly with any of them?

6. Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office? This case also involves the U.S. Department of Labor. Have you or your family members or close friends had any dealings with the U.S. Department of Labor?

7. I will now read a list of names of individuals and entities whose names may be mentioned during the trial, or who may be witnesses in this case [The parties *will provide lists of names to the Court in advance of trial*]. Do any of you know any of the people or entities I have just named? Have you had any dealings either directly or indirectly with any of these individuals or entities? To your knowledge, have your relatives, friends, associates, employers or employees had any dealings with any of these individuals or entities?

C.  **Relationship with Government**

8. Do any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for

the Southern District of New York?  The United States Department of Justice more generally? The U.S. Department of Labor?  Is any member of your family or household or your close friends employed by any law enforcement or prosecution agency, whether federal, state, city, or local?

9.      Have any of you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for, or against, the United States Attorney's Office?  The United States Department of Justice more generally? The U.S. Department of Labor?  For or against any other law enforcement or prosecution agency, whether federal, state, city, or local?

10.     Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States?  Have any of you, or has any member of your family, had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

**D.      Prior Jury Service**

11.     Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court?  If so, when and where did you serve?  If so, were you the foreperson?

12.     Have you ever, at any time, served as a juror in any court?  If so, when, and in what court did you serve, and was it a civil or criminal case?  What was the nature of the case? Without saying what it was, did the jury reach a verdict?  Did you think the outcome was fair? Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

**E.** **Experience as a Witness, Defendant, or Crime Victim**

13. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or jury, or by a Congressional or state legislative committee, licensing authority, or Governmental agency? Have you, or anyone close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

14. Have you ever been a witness or a complainant in any federal or state prosecution?

15. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case.*]

16. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by a Congressional committee? [*If any juror answers yes, the Court is respectfully requested to inquire, at side bar or in the robing room, about the nature of the case and the juror's feeling concerning the case at sidebar.*]

17. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing room, into the circumstances of each crime.*]

18. Have you, or any of your close friends or relatives, ever been arrested, stopped, or questioned by any member of law enforcement? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at side bar or in the robing*

*room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement officer.*]

**F.** **Ability to Render a Fair and Impartial Verdict**

19. Have any of you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes, that the laws governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States Government?

20. Do you have any strong feelings about money laundering or fraud laws that might make it difficult for you to be a fair and impartial juror in this case? *[If you would prefer not to give your answer in open court, please say so.]*

**21. Have any of you, or has any member of your family, ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to money laundering offenses or fraud offenses? *[If so, when and what did you do?]***

22. Have any of you or any of your relatives, members of your household, close friends, or associates ever been involved, whether as a defendant, victim, or in any other way, in a case involving money laundering, fraud, or identity theft? For example, have you ever been a victim of identity theft? *[Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case? If you would prefer not to give your answer in open court, please say so.]*

23. It is expected that there will be evidence introduced at this trial about the use of Bitcoin. Have any of you owned or used Bitcoin or other cryptocurrencies?

24. Do any of you have the view that the use of Bitcoin or other cryptocurrencies suggests illegal or otherwise suspicious conduct?

25. Have you ever used the cryptocurrency platforms Gemini or Kraken?  If so, is there anything about that experience, positive or negative, that would prevent you from being fair and impartial in this case?

26. During this trial, you may hear reference to Paxful.com, a web-based, peer-to-peer exchange on which users could trade Bitcoin and other cryptocurrencies for government issued or "fiat" currencies and other assets, including gift cards and pre-paid debit cards. Have you heard of or used Paxful? If so, is there anything about what you heard or your experience, positive or negative, that would prevent you from being fair and impartial in this case?

27. During this trial, you may hear references to the Falun Gong, also known as Falun Dafa, a spiritual practice founded in China **that was later banished from China by the Chinese Communist Party**.[1] Have any of you heard of the Falun Gong or Falun Dafa? If so, is there anything about what you have heard, positive or negative, that would prevent you from being fair and impartial in this case?

28. During this trial, you may hear reference to Shen Yun Performing Arts, a non-profit dance and symphony performing arts group **that commentators sometimes associate with the Falun Gong movement**. Have any of you seen a Shen Yun performance, advertisement, or otherwise heard of Shen Yun? If so, is there anything about what you have heard, positive or negative, that would prevent you from being fair and impartial in this case?

29. Have you or any of your relatives, close friends, or associates ever been employed by, volunteered with, or associated with The Epoch Times Association, Inc. or its related

---

[1] Le Van Hung also agrees with all of the red additions proposed by Guan.

entities, including Golden Basin Inc., Perpetual Market Inc., Pyunkang U.S. LLC, Epoch Public Foundation, New Tang Dynasty Television, The Epoch Times Media Group Los Angeles, Universal Communications Network Inc., Community Service Coalition, and the Epoch Media Group or any of those companies' employees?  If so, would those dealings affect your ability to render a fair and impartial verdict in this case?

30.     Have you ever read *The Epoch Times,* **a newspaper and media outlet that commentators sometimes associate with the Falun Gong movement**. Have any of you read articles from that newspaper or otherwise heard of *The Epoch Times* or its TV broadcast affiliate, New Tang Dynasty?  If so, is there anything about what you have heard, positive or negative, that would prevent you from being fair and impartial in this case?

### G.     Media Coverage

31.     Have any of you read, seen, or heard anything—in the newspaper, on the Internet, on social media, on TV, or on the radio—about this case?

32.     It's possible this trial could generate some media attention.  If it does, will each of you follow my instruction that you should absolutely avoid reading, watching, or listening to any and all media reports concerning the case—including coverage of the case in social media like Facebook and X—until after this case is completely over?  If not, please raise your hand.

### H.     Law Enforcement Witnesses

33.     The Government witnesses in this case may consist in part of law enforcement officers or federal employees.  Would any of you be more or less likely to believe a witness merely because he or she is an officer of a law enforcement agency or a government employee?

34.     **Have you ever had an unpleasant experience with any law enforcement**

**officer, state or federal? [*The parties request that all responses be handled at sidebar so as not to influence or affect other jurors.*]**

    **I.      Investigative Techniques**

    **35.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?**

    **36.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in presenting evidence of a crime?**

    **37.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?**

    **J.      Other Questions**

    38.     The trial is expected to last approximately five to six weeks.  Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?  Keep in mind, in answering this question, that, where necessary, we can start late or end early on a given day to permit a juror to attend a doctor's appointment or similar commitment.

    39.     Do any of you have problems with your hearing or vision that would prevent you from giving full attention to all of the evidence at this trial?  Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

40. Do any of you have any difficulty reading or understanding English?

41. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict in this criminal case?

42. Do any of you speak or read in Mandarin or Vietnamese?

43. During trial, you may see documents that have been translated from Vietnamese or Mandarin into English. At trial, I will instruct you that you must accept the translations contained in the transcripts as evidence, even if you understand the non-English language. Are you able to follow those instructions?

**K.** **Function of the Court and Jury**

44. The function of the jury is to decide questions of fact. You are the sole judge of the facts. When it comes to the law, however, you are to take your instructions from me, and you are bound by those instructions. **You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.** Do any of you have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

45. Will each of you follow my instruction that the defendant is entitled to individual consideration, and that the mere fact that a defendant has associated with others who may have engaged in criminal activity does not itself make the defendant guilty?

46. Will each of you follow my instruction that the defendant is presumed to be innocent and has no obligation to prove his innocence; rather, the task of proving guilt beyond a reasonable doubt rests exclusively with the Government?

47. **Will each of you follow my instruction that the defendant is under no**

**obligation to testify and that our Constitution guarantees that the decision not to testify cannot be held against the defendant—as the duty to prove guilt, beyond a reasonable doubt, again, rests exclusively with the Government?**

**48.     Will each of you follow my instruction that the question of punishment is for the Court alone to decide, and that the question of possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty of the crimes charged?**

**49.     Will each of you follow my instruction that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence or lack of evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty of the crimes charged?**

**50.     It may not be a particularly pleasant duty to find a person guilty of committing a crime.  Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?**

**L.     <u>Other Biases</u>**

51.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will not be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law as it will be explained to you?

**M.** **Jurors' Background**

52.  *The parties respectfully request that the Court ask each juror to state the following information:*

a.  the juror's age;

b.  the area in which the juror resides and any other area the juror has resided during the last ten years;

c.  where the juror was born;

d.  the juror's educational background, including the highest degree obtained;

e.  whether the juror has served in the military, and if so in what capacity and for what duration;

f.  the juror's occupation;

g.  the name and location of the juror's employer, and the period of employment with that employer;

h.  the same information concerning other employment within the last five years;

i.  the same information with respect to the juror's spouse or partner and any working children;

j.  whether the juror, any member of their household, or the juror's close family or friends, has served in federal, state, or local Government, including federal, state, or local law enforcement or a prosecution agency;

k.  whether the juror any member of their household, or the juror's close family or friends, has worked at a bank; if so, which bank;

l.       whether the juror, any member of their household, or the juror's close family or friends, has worked in the compliance department of a company; if so, in what capacity and at what company(ies);

m.       what newspapers and magazines, either in paper or electronic form, the juror reads and how often;

n.       what news sources the juror regularly obtains their news from, including any news outlets that the juror follows on social media or that the juror subscribes to in any form;

o.       what television programs the juror regularly watches;

p.       what social media websites, such as Facebook or X, are used by the juror on a regular basis;

q.       what podcasts the juror regularly listens to; and

r.       the juror's hobbies, and leisure-time activities and organizations.

### N.       Requested Instructions Following Empaneling of the Jury

53.       From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

54.       If at any time during the course of the trial, any person attempts to talk to you or to communicate with you about this case, either inside or outside of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendant in this case are not allowed to talk to jurors, not even to offer a friendly greeting.  So, if you happen to see them outside this courtroom, they will,

and should, ignore you.  Please do not take offense.  They will be acting properly by doing so.

55.     Please do not read or watch anything in newspapers, television, or on the Internet or social media that relates to the case or any of its participants in any way. This means no Google searches of the defendant or attorneys, and no looking anything up on the Internet regarding the case or anyone involved in it.  My instruction that you cannot discuss the case also applies to instant messages, chats, text messages, emails, and social media, including Facebook, X, Instagram, Snapchat, blogs, podcasts etc.  Let me be clear: Do not discuss the case at all, and do not write or post anything about the case at all.