USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__7/3/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

              - against -

WEIDONG GUAN,

              Defendant.

---

**24 CR. 0322 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Weidong Guan ("Guan") is charged with one count of money laundering conspiracy and two counts of bank fraud. (See Dkt. No. 5 at 9-11.) A trial in this matter is scheduled to begin on July 7, 2026. Now before the Court are two motions brought by Guan: 1) a motion to compel the Government to disclose material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), (Dkt. No. 164); and 2) a motion to adjourn the trial.[1]

## I.   DISCUSSION[2]

A.   GUAN'S MOTION TO COMPEL BRADY AND GIGLIO MATERIAL

Guan moves for an order compelling the Government to search for and provide additional discover materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963). The motion is

---

[1] The Court accepted Guan's motion to adjourn the trial and the Government's opposition to that motion under seal. As this Decision and Order does not quote from or republish the statements at issue in the motion, the Court sees no reason why it should be sealed.

[2] The Court assumes the parties' familiarity with the factual background of this case, which the Court previously described in its decision and order denying the Defendants' pretrial motions. (See Dkt. No. 110.)

DENIED. Guan's motion seeks a search for and disclosure of evidence from a "panoply of other agencies at the federal, state, and local level." (Dkt. No. 165 at at 22.) But Guan does not persuasively argue that individuals at most of the agencies cited in his motion performed any role in the investigation, much less were sufficiently involved to be considered members of the prosecution team and thus subject to Brady. See, e.g., United States v. Meregildo, 920 F. Supp. 2d 434, 440–41 (S.D.N.Y. 2013) (stating that the prosecution's Brady obligation "extends to those individuals who are an arm of the prosecutor or part of the prosecution team"). Guan does identify two agencies whose agents were involved in the investigation and prosecution: the Department of Labor Office of the Inspector General and the Department of State Diplomatic Security Service. The Government represents that it has and will continue to comply with its obligations under Brady as well as Giglio as to the individuals at those agencies who contributed to the investigation. There is no reason to find that the Government has so far failed to comply with its Brady obligations. And, "[t]o conclude otherwise would be to ask the Court to decide in advance of trial whether the government's non-production of specific documents or categories of evidence would violate its Brady obligations — a premise that is flatly contrary to

the law in this Circuit." <u>See</u> <u>United States v. Gatto</u>, 316 F.

Supp. 3d 654, 657-58 (S.D.N.Y. 2018).

Accordingly, Guan's motion to compel under <u>Brady</u> is

DENIED.[3]

B.    <u>GUAN'S MOTION TO ADJOURN THE TRIAL</u>

Guan also moves for the Court to adjourn the trial and

otherwise sanction the Government on account of certain press

releases and social media posts that Guan argues have "tainted

the jury pool." Guan's motion is DENIED, substantially for

the reasons set forth in the Government's opposition.

Consistent with the practice of courts in this Circuit, the

Court finds that any issues of prejudice can be mitigated by

voir dire as to potential jurors' exposure to publicity

concerning Guan and this case. <u>See, e.g.</u>, <u>United States v.</u>

<u>Woodberry</u>, 546 F. Supp. 3d 180, 192 (E.D.N.Y. 2021)

(explaining that in the "many high profile cases [that] have

been tried in the Southern and Eastern Districts of New York,"

courts have relied on "thorough voir dire examinations . . .

---

[3] To the extent that Guan sees to compel discovery pursuant to Federal Rule of Criminal Procedure ("Rule") 16, his motion is untimely and, therefore, waived. The deadline for filing pretrial motions passed on October 22, 2025. (<u>See</u> Dkt. No. 80.) Because Guan failed to bring a motion seeking discovery of the materials at issue under Rule 16 by that time, his motion is waived. <u>See, e.g.</u>, <u>United States v. Yousef</u>, 327 F.3d 56, 125 (2d Cir. 2003) (failure to timely bring a motion required to be brought under Federal Rule of Criminal Procedure 12, which includes motions for discovery under Rule 16, constitutes a "complete" waiver, and "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient" to overcome such waiver).

to produce unbiased juries"). The Southern District jury pool includes a large, diverse selection of the public. The press releases and social media posts at issue here were not especially inflammatory or prejudicial and have since been taken down. It is highly likely that, by using a robust voir dire process, the Court will be able to find jurors who have not been prejudiced by — or even exposed to — the statements at issue. See United States v. Skelos, No. 15-CR-317, 2018 WL 284971, at *10 (S.D.N.Y. June 8, 2018), aff'd, 988 F.3d 645 (2d Cir. 2021); cf. Skilling v. United States, 561 U.S. 358, 381 (2010) ("Prominence does not necessarily produce prejudice, and juror *impartiality*, we have reiterated, does not require *ignorance*."). None of the other remedies sought by Guan are warranted or appropriate. The motion is, therefore, DENIED.

## II.  ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendant Weidong Guan ("Guan") to compel the Government to disclose material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), is **DENIED.** It is further

**ORDERED** that Guan's motion to adjourn the trial is **DENIED.**

4

The Clerk of Court is respectfully directed to close the motion at Docket Number 164.


**SO ORDERED.**

Dated:　　　3 July 2026
　　　　　　New York, New York

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　Victor Marrero
　　　　　　　　　U.S.D.J.