USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/6/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

                - against -

WEIDONG GUAN,

                Defendant.

---

**24 CR. 0322 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Defendant Weidong Guan ("Guan") is charged with one count of money laundering conspiracy and two counts of bank fraud. (See Dkt. No. 5 at 9–11.) A trial in this matter is scheduled to begin on July 7, 2026. Now before the Court is Guan's motion to preclude the Government from offering into evidence several summary charts. (See "Guan Mot.", Dkt. No. 187.) For the reasons given below, Guan's motion is GRANTED IN PART and DENIED IN PART.

## I. DISCUSSION[1]

Guan seeks to preclude the Government from offering into evidence several of its proposed summary charts. Federal Rule of Evidence ("Rule") 1006 provides that a court "may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court,

---

[1] The Court assumes the parties' familiarity with the factual background of this case, which the Court previously described in its decision and order denying the Defendant's pretrial motions. (See Dkt. No. 110.)

whether or not they have been introduced into evidence." Fed. R. Evid. 1006(a). The "quintessential summary" is one used to "avoid forcing the jury to examine boxes of documents in order to make simple calculations." Fagiola v. Nat'l Gypsum Co. AC & S., Inc., 906 F.2d 53, 57 (2d Cir. 1990).

Rule 1006 was amended in 2024 to "draw[] a distinction between summaries of voluminous admissible information offered to prove a fact, and illustrations offered solely to assist the trier of fact in understanding the evidence." Fed. R. Evid. 1006 Advisory Committee Notes on 2024 Amendment. The former are admitted as evidence under Rule 1006. The latter, referred to as "illustrative aids," are governed by Rule 107 and not admitted as evidence. See id.; Fed. R. Evid. 107.

Additionally, as summary charts offered under Rule 1006 are admitted as evidence, they are subject to exclusion under Rule 403. As the Advisory Committee to the 2024 Amendment cautioned, "if the summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion." Fed. R. Evid. 1006 Advisory Committee Notes on 2024 Amendment.

A.    <u>GUAN'S MOTION IS GRANTED AS TO GX 801, GX 852, AND GX 901</u>

Guan moves to preclude the Government from introducing three summary charts, Government Exhibit ("GX") 801, GX 852, and GX 901, on the basis that the charts are improperly argumentative and thus should be considered as illustrative aids appropriate for the Government's summation but not as summary charts admitted as evidence. (<u>See</u> Guan Mot. at 4-7.)

In opposition to Guan's motion, the Government argues that courts have admitted similar summary charts. (<u>See</u> "Gov't Opp'n," Dkt. No. 193 at 7-8, 10-11, 13-14.) However, much of the Government's support for its position consists of case law from before Rule 1006 was amended in 2024 or cases that relied on such case law following the 2024 amendment. Most crucially, many of these pre-amendment cases involved summary charts that were not admitted into evidence but were instead accompanied by a jury instruction that they were *not* evidence. For example, the Government relies on <u>United States v. Ho</u>, 984 F.3d 191 (2d Cir. 2020), for the proposition that a summary chart may be "created for the purpose of generating a narrative supporting the prosecution's theory of the case." (Gov't Opp'n at 4, 13-14 (quoting <u>Ho</u>, 984 F. 3d at 209-10).) But key to the Second Circuit's holding in <u>Ho</u> was the fact that the trial court had instructed the jury that the charts

should not be considered as evidence. See Ho, 984 F. 3d at 210 ("This court has long approved the use of charts in complex trials, and has allowed the jury to have the charts in the jury room during its deliberations, so long as the judge properly instructs the jury, as the judge did here, that it is not to consider the charts as evidence." (internal quotations omitted)).[2]

The 2024 amendment to Rule 1006 explicitly rejected the practice endorsed in Ho. Summary charts are now to be admitted "as evidence." Fed. R. Evid. 1006(a). The Advisory Committee Notes make clear the amendment's purpose:

> Rule 1006 has been amended to correct misperceptions about the operation of the rule by some courts. Some courts have mistakenly held that a Rule 1006 summary is "not evidence" and that it must be accompanied by limiting instructions cautioning against its substantive use. But the purpose of Rule 1006 is to permit alternative proof of the content of writings, recordings, or photographs too voluminous to be conveniently examined in court. To serve their intended purpose, therefore, Rule 1006 summaries must be admitted as substantive evidence and the rule has been amended

---

[2] United States v. Yousef, 327 F.3d 56 (2d Cir. 2003), which the Government cites, similarly concerned summary charts accompanied by a "limiting instruction stating that the charts were not evidence." Yousef, 327 F.3d at 158. In fact, the trial court described the summary charts as "graphic demonstrations of the underlying evidence," id., a description more consistent with illustrative aids than summary charts under the amended Rules. United States v. Elias, No. 23-6626, 2025 WL 2857883 (2d Cir. Oct. 8, 2025), on which the Government relies for the argument that the Second Circuit has "continued to apply Ho in support of the admission of summary charts" following the 2024 amendment to Rule 1006, (Gov't Opp'n at 5), was in fact decided under the pre-amendment Rule. See Elias, 2025 WL 2857883, at *4 n.5 ("We cite to the text of Rule 1006 in effect at the time of trial, before the rule was *substantially amended* in 2024." (emphasis added)).

> to clarify that a party may offer a Rule 1006 summary "as evidence." The court may not instruct the jury that a summary admitted under this rule is not to be considered as evidence.

Fed. R. Evid. 1006 Advisory Committee Notes on 2024 Amendment.

Because summary charts governed by Rule 1006 must now be admitted as evidence without a limiting instruction, a trial court's responsibility to ensure that summary charts "fairly represent and summarize the evidence upon which they are based" is of even greater importance. United States v. Citron, 783 F.2d 307, 316 (2d Cir. 1986) (internal quotation marks omitted). "Unless this requirement is met, the chart is more likely to confuse or mislead the jury than it is to assist it." Citron, 783 F.2d at 316; see also Fed. R. Evid. 1006 Advisory Committee Notes on 2024 Amendment ("[I]f [a] summary does not accurately reflect the underlying voluminous evidence, or if it is argumentative, its probative value may be substantially outweighed by the risk of unfair prejudice or confusion."). This requirement is additionally critical as summary charts may now be admitted under Rule 1006 even when the underlying material has not been introduced as evidence. See Fed. R. Evid. 1006(a).

GX 801, GX 852, and GX 901 are not proper summary charts. GX 801 is a chart of over 1600 rows across 101 pages purporting to summarize email communications, financial

transactions, and other records over a five-year period. It is in essence the Government's view of the timeline of the case. Additionally, it includes the Government's selected excerpts of these records presented with limited surrounding context. GX 852 and GX 901 both include columns containing the Government's paraphrased description of what the underlying materials contain. All three charts function more as graphic summations of the Government's arguments than summaries of the underlying evidence. If admitted in their current form under Rule 1006, they are likely to confuse and mislead the jury. Instead, GX 801, GX 852, and GX 901 are more appropriate as illustrative aids offered to "help the trier of fact understand the evidence or argument," Fed. R. Evid. 107, than as summary charts under Rule 1006. Accordingly, Guan's motion is GRANTED as to GX 801, GX 852, and GX 901.

B. <u>GUAN'S MOTION IS DENIED AS TO GX 802, GX 803, GX 809, AND GX 853</u>

Guan moves to preclude the Government from introducing four additional summary charts: GX 802, GX 803, GX 809, and GX 853. Guan has not shown that any of the charts should be excluded.

1.  <u>GX 802</u>

GX 802 is a chart of names, phone numbers, email addresses, and other similar information for thirty-three individuals. Guan argues that the chart "merely organizes information about individuals relevant to the government's case in an easily digested way" and is therefore properly considered as an illustrative aid rather than a summary chart. (Guan Mot. at 5.)

The Rules of Evidence do not distinguish between illustrative aids and summary charts on the grounds Guan cites. Summary charts almost always involve the organization of information in a more digestible format than that in which the information appears in the underlying evidence. In fact, Rule 1006 requires that the evidence underlying a summary chart "cannot be conveniently examined by the court." Fed. R. Evid. 1006(a). The Government states, and Guan does not contest, that GX 802 summarizes information from over 1900 exhibit pages. (<u>See</u> Gov't Opp'n at 9.) The use of a summary chart to present information from such voluminous records is proper, and the design and content of GX 802 specifically conform to Rule 1006. The chart does not include the Government's commentary on or argument concerning the underlying evidence. It will be useful to the jury in reviewing evidence that would otherwise be onerous and

inconvenient to examine. Accordingly, Guan's motion as to GX 802 is DENIED.

2.   GX 803

GX 803 lists information concerning accounts at financial and cryptocurrency institutions. Guan contends that the underlying records are not sufficiently voluminous for purposes of Rule 1006. (See Guan Mot. at 5–6.) The exhibits summarized in GX 803 consist of over 500 pages of bank and cryptocurrency exchange documents. (See Gov't Opp'n at 10.) Although not as voluminous as the records summarized in many of the Government's other summary charts, these records are sufficiently lengthy to warrant use of a summary chart. See Ho, 984 F.3d at 209–10 (affirming the use of two summary charts covering 370 and 399 pages of material, respectively).[3] The documents summarized in GX 803 are sufficiently voluminous that they "cannot be conveniently examined in court." Fed. R. Evid. 1006(a). Guan's motion to exclude GX 803 is, therefore, DENIED.

3.   GX 809

Guan objects to GX 809, a chart of metadata and other information drawn from over 700 Government exhibits, on the

---

[3] There is no reason to doubt the continued applicability of Ho on this point. Rule 1006's requirement that the records summarized be so "voluminous" that they "cannot be conveniently examined in court" was not altered by the 2024 amendment. See Fed. R. Evid. 1006 (2022).

ground that the Government "has not provided any additional information regarding the purpose of this chart or how the entries on the chart were selected." (Guan Mot. at 6.) In its opposition, the Government explains the purpose of the chart: it will serve as a "reference for the jury regarding source and metadata information for . . . electronic evidence exhibits." (Gov't Opp'n at 12.) In addition, per Rule 1006, the Government must "make the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006. Guan does not show that the Government has failed to meet this, or any other requirement, of Rule 1006. Accordingly, Guan's motion to exclude GX 809 is DENIED.

4.   GX 853

GX 853 is a chart summarizing financial transactions. Guan objects to the use of GX 853 as a summary chart, arguing that the Government "has not explained what the chart purports to summarize, how the entries were selected, or the significance" of some of the data contained therein. (Guan Mot. at 6.) As with all summary charts, GX 853 "must of course be based on foundation testimony connecting it with the underlying evidence summarized and must be based upon and fairly represent" the underlying materials it purports to summarize. United States v. Neumann, No. 21-CR-439, 2023 WL

8700974, at *7 (S.D.N.Y. Dec. 14, 2023) (quoting <u>Fagiola v. Nat'l Gypsum Co.</u>, 906 F.2d 53, 57 (2d Cir. 1990)). The Government states that the chart will be supported by the foundation testimony of Timothy Pak, a Financial Analyst with the U.S. Attorney's Office for the Southern District of New York, explaining how the chart was derived from the underlying evidence. (<u>See</u> Gov't Opp'n at 12-13.) Because the Court assumes at this time that that testimony will comport with the requirements of Rule 1006, Guan's motion to exclude GX 853 is DENIED.

C.   <u>GUAN'S MOTION IS DENIED AS MOOT AS TO GX 854</u>

Guan moves to preclude the Government from introducing GX 854, again arguing that it is appropriately considered an illustrative aid rather than a summary chart. (<u>See</u> Guan Mot. at 6.) The Government represents that it intends to offer GX 854 as an illustrative aid. (<u>See</u> Gov't Opp'n at 14.) Accordingly, Guan's motion as to GX 854 is DENIED as moot.

**II.  <u>ORDER</u>**

For the foregoing reasons, it is hereby

**ORDERED** that the motion of Defendant Weidong Guan to exclude the Government's summary charts (Dkt. No. 187) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Government Exhibits 801, 852, and 901. The motion is **DENIED**

as to Government Exhibits 802, 803, 809, and 853. And the motion is **DENIED** as moot as to Government exhibit GX 854.

**SO ORDERED.**

Dated:    6 July 2026
           New York, New York

_____
Victor Marrero
U.S.D.J.