

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 6, 2026

**BY ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: ***United States v. Weidong Guan*, 24 Cr. 322 (VM)**

Dear Judge Marrero:

The Government respectfully submits this letter motion to preclude certain defense exhibits as inadmissible hearsay, irrelevant, and/or unfairly prejudicial or confusing.

## I.      Background

On June 26, 2026, the defendant provided the Government with hundreds of non-impeachment exhibits that it intends or reserves the right to introduce during the Government's case-in-chief. On July 3, 2026, the defendant provided the Government with additional exhibits. Each of those productions include, among other things, hundreds of email chains (collectively, the "Email Exhibits"), which generally fall into the following three categories:[1]

- Defendant Not Copied Emails: These are dozens of emails, often involving multiple people, that the defendant did not send or receive. These exhibits generally fall into two categories:

    - (i) email chains among Epoch Times employees and members of the defendant's Make Money Online ("MMO") Team regarding refund requests from victims whose gift cards or debit cards were bought by the MMO Team to make

---

[1] An index listing exhibits that fall under each category is included at the end of this letter. The Government presently intends to offer DX 100-7, 100-17, 100-27, 100-33, 100-34, 110-5, and 140-1 as Government Exhibits, but reserves the right to seek a limiting instruction in doing so. If the Government decides not to offer these as Government Exhibits, they should be precluded for the same reasons explained in this letter. The Government will provide the cited exhibits to the Court upon request. In addition, the Government has asked the defendant to supply authority regarding whether certain additional exhibits fall under any hearsay exception. The Government reserves the right to file a motion seeking to exclude these additional exhibits.

Honorable Victor Marrero
July 6, 2026
Page 2

        unauthorized transfers to The Epoch Times as part of the money laundering scheme (*see, e.g.*, DX 100-57, 100-142), and

- o (ii) emails between an Epoch Times customer service employee ("Employee-1") and a bank ("Bank-1") in which Employee-1 provided Bank-1 with documentation to support The Epoch Times's denial, in certain instances, of refunds to customers who canceled their subscriptions (*see, e.g.*, DX 110-15, 110-20).

- **Defendant Partially Not Copied Emails:** These are dozens of email chains in which the defendant is not copied on the entire chain, but rather only a part, that is, the email chain continues after the defendant is copied, without him being copied. As a general matter, these email chains begin with an Epoch Times customer service employee ("Employee-2") emailing the defendant credit card information from a victim who complained that his or her gift card or debit card made an unauthorized transfer to The Epoch Times. The email chain continues with the defendant forwarding that email to an MMO Team member. Thereafter, with the defendant no longer copied on the email chain, an MMO Team member emailed directly with Employee-2 to provide an update about the victim's refund request. (*See, e.g.*, DX 100-76, 100-141, 100-146, 100-187).

- **Defendant Copied Emails:** These are dozens of emails in which the defendant is copied on the whole email chain. These emails generally fall into three categories:

  - o (i) emails in which an employee emailed the defendant credit card information from a victim whose gift card or debit card was bought by the MMO Team to make unauthorized transfers to The Epoch Times as part of the money laundering scheme and the defendant sent that information to an MMO Team member or an Epoch Times employee (*see, e.g.*, DX 100-16, 100-22, 100-113, 100-168, 150-1);
  - o (ii) emails in which an MMO Team member emailed Bank-1, and copied the defendant, providing documentation to dispute a chargeback related to the MMO Team's purchase of stolen cards as part of the money laundering scheme (*see, e.g.*, 110-1, 110-4, 110-10), and
  - o (iii) other emails regarding miscellaneous topics, including about The Epoch Times's bank accounts and defendant's cryptocurrency accounts (*see, e.g.*, 100-6, 100-14, 100-207, 110-422).

    The defendant's production also includes a record maintained by the Federal Trade Commission's Consumer Sentinel Network[2] (the "FTC Record"). (*See* DX 150-2). The FTC Record, which the Government produced to the defendant in discovery, appears to document a

---

[2] Consumer Sentinel is "a unique investigative cyber tool that gives members of the Consumer Sentinel Network access to millions of reports" and is "available to any federal, state or local law enforcement agency" and "select international law enforcement authorities." Consumer Sentinel Network, Federal Trade Commission, *available at* https://www.ftc.gov/enforcement/consumer-sentinel-network (last visited July 5, 2026); *see also* Sentinel Members, Consumer Sentinel Network, *available at* https://register.consumersentinel.gov/Agency (last visited July 5, 2026) (listing Sentinel members from federal, state, local, and foreign government agencies).

Honorable Victor Marrero
July 6, 2026
Page 3

complaint that an employee of The Epoch Times filed on behalf of the company on or about August 11, 2020.  There is no indication from the face of this exhibit that the defendant or anyone from The Epoch Times saw the FTC Record.

## II.    Applicable Law

"When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."  *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982).  So with respect to the statements of others, an out-of-court statement offered "to prove the truth of the matter asserted" is hearsay.  Fed. R. Evid. 801.  Such statements are therefore admissible only pursuant to a valid hearsay exception. The burden of demonstrating the admissibility of hearsay statements falls on the proponent of the evidence.  *See, e.g.*, *United States v. Doyle*, 130 F.3d 523, 543-44 (2d Cir. 1997) (when defendant seeks to admit statement pursuant to hearsay exception, defendant bears burden of demonstrating admissibility).

Under Federal Rule of Evidence 803(3), "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) . . . , *but not including a statement of memory or belief to prove the fact remembered or believed*" is not excluded by the rule against hearsay.  Fed. R. Evid. 803(3) (emphasis added).  The plain text of this rule does not cover the admission of statements regarding conduct or events that occurred earlier in time.  *See United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991) ("To admit statements of one's state of mind with regard to conduct that occurred . . . earlier as in this case would significantly erode the intended breadth of this hearsay exception."); *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) (statements of what the declarant "or someone else had done in the past" cannot be statements of one's "then existing state of mind" under Rule 803(3)).  As the Supreme Court has explained, "[t]here would be an end, or nearly that, to the rule against hearsay if the distinction [between past and future intent] were ignored."  *Shepard v. United States*, 290 U.S. 96, 105-06 (1933) (Cardozo, J.).

Regardless of whether it takes the form of hearsay, under Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible" at trial, and under Rule 403, a court may exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence," Fed. R. Evid. 403; *see also United States v. Miller*, 626 F.3d 682, 689-90 (2d Cir. 2010).

Courts accordingly regularly preclude evidence of alleged facts where the defendant offering the evidence fails to demonstrate it was relevant to his contemporaneous knowledge or intent, or where any such connection is strained at best and thus confusing to the jury.  *See, e.g.*, *United States v. Kaplan*, 490 F.3d 110, 121-22 (2d Cir. 2007) (holding district court erred in admitting evidence of one person's knowledge to show defendant's knowledge without evidence that defendant was aware of the same information, expressing doubt that evidence was relevant, and explaining that, in any event, it should have been precluded under Rule 403 because it "required [the jury] to draw a series of inferences, unsupported by other evidence," yet was offered on "the ultimate issue in the case"); *United States v. Martoma*, 993 F. Supp. 2d 452, 455-57

Honorable Victor Marrero
July 6, 2026
Page 4

(S.D.N.Y. 2014) (in insider trading case, excluding expert opinion that a stock was overvalued absent evidence that the defendant had himself conducted such analyses or been contemporaneously reading such analyses); *see also, e.g.*, *United States v. Campos*, 763 F. App'x 97, 100 (2d Cir. 2019) (precluding a defense witness on the basis that "what [the defense witness] knew or believed sheds little, if any, light on what [the defendant] knew or believed").

###    III.    Discussion

The Court should exclude the Email Exhibits because they are inadmissible hearsay, are irrelevant, and/or are otherwise unfairly prejudicial or confusing.

All of the Email Exhibits and the FTC Record contain inadmissible hearsay in whole or in large part, and the defendant has failed to provide a basis for why the Email Exhibits and the FTC Record fall under a valid hearsay exception or otherwise do not constitute hearsay.  Because it is his burden to do so, *see, e.g.*, *Doyle*, 130 F.3d at 543-44, those materials must be precluded, at least until such time as he establishes a valid basis for admission.

To the extent the defendant may argue that certain of the Email Exhibits are relevant to his then-existing state of mind—which, again, is an exception to the hearsay bar on which the defendant bears the burden—that argument plainly cannot be not true for the FTC Record and the emails in which the defendant was not copied, which includes all of the Defendant Not Copied Emails and those parts of the Defendant Partially Not Copied Emails in which the defendant was not included, because the defendant's thinking cannot be impacted by communications he did not contemporaneously know about.  *See Campos*, 763 F. App'x at 100.  For example, the defendant's state of mind could not be influenced by the fact that an MMO Team member emailed Employee-2 that a certain victim was refunded if the defendant was not copied on that email chain—as is true for dozens of emails that the defendant has marked as exhibits. (*See, e.g.*, DX 100-142).  Similarly, the defendant's state of mind could not be impacted by the FTC Record, which appears to be maintained by a database available only to law enforcement.  In addition, at least one portion of one of the Defendant Partially Not Copied Emails should be precluded for the additional reason that it contains highly inflammatory and irrelevant alleged facts, including that an Epoch Times employee told a victim about "organ harvesting."  (*See, e.g.*, DX 100-187).  Accordingly, any emails in which the defendant is not included and the FTC Record should be excluded as inadmissible hearsay, irrelevant, and/or otherwise unfairly prejudicial or confusing.

For the portions of the Defendant Partially Not Copied Emails in which the defendant was copied and each of the Defendant Copied Emails, while certain of those emails may bear on the defendant's contemporaneous state of mind—although those emails should not be admitted until the defendant offers a basis for their admission and the Government has an opportunity to respond, given that not all states of mind are relevant and the volume of emails and their content presents risks of jury confusion—those emails may not be used to prove that any particular events occurred. For example, a statement in an email from the defendant that he previously refunded victims or asked others to refund victims (*see, e.g.*, DX 100-16, 100-46), cannot be admitted to prove that he or others in fact refunded victims.  Indeed, under the plain terms of Federal Rule of Evidence 803(3), the defendant is barred from admitting any such statements "of memory or belief to prove

Honorable Victor Marrero
July 6, 2026
Page 5

the fact remembered or believed." *See also Shepard*, 290 U.S. at 106 (out-of-court statement that "face[s] backward and not forward" and speaks "to the past" is inadmissible).

Similarly, an email enclosing a 2021 letter (the "2021 Letter") addressed to The Epoch Times from Bank-1 in which Bank-1 stated that The Epoch Times was a "high valued customer" and had been "managing the account in a satisfactory manner" since 2017 (DX 110-422) is inadmissible to prove that The Epoch Times in fact managed its account in a "satisfactory manner." To the extent the defendant may argue that the 2021 Letter is nevertheless probative of the defendant's state of mind in 2021, that argument should be rejected. Bank-1's beliefs about how The Epoch Times *historically* managed its account can have little probative value to the defendant's state of mind where Bank-1, unlike the defendant, had no knowledge about the actual use of this account, including the defendant's use of it as part of his money laundering scheme. Even with a limiting instruction, the jury will likely be left confused as to how to distinguish the purported nonhearsay purpose of the 2021 Letter from the improper hearsay statements contained within it, which, again, comes from a declarant who did not have full knowledge of the defendant's scheme. *See nited States v. Gupta*, 747 F.3d 111, 132-33 (2d Cir. 2014) (finding no abuse of discretion where the district court found that there was "no way" the trial court could offer an effective limiting instruction) (2d Cir. 2014); *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994) (finding that a limiting instruction did not cure the prejudicial effect when the instruction would require the jury to "perform . . . mental acrobatics" to follow the instruction). As a result, any probative value of the 2021 Letter as to the defendant's statement of mind is substantially outweighed by the likelihood of undue prejudice and jury confusion. The Court, therefore, should preclude the defendant from offering the 2021 Letter.

Finally, even if the defendant offers a satisfactory basis for how certain Email Exhibits reflect the defendant's then-existing state of mind, the defendant should be barred under Rule 403 from offering numerous similar emails reflecting the same topic, as any probative value of those additional emails would be substantially outweighed by the unduly cumulative nature of such evidence. *See Gupta*, 747 F.3d at 132 (citing Rule 403 and affirming the district court's decision

Honorable Victor Marrero
July 6, 2026
Page 6

to exclude testimony of a defense witness as "cumulative" because the district court had already "admitted other evidence to the same effect").

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  s/_____
Benjamin M. Burkett
Rebecca T. Dell
Paul M. Monteleoni
Amanda C. Weingarten
Assistant United States Attorneys
(212) 637-2455/2198/2219/2257

cc:    (by ECF)

Counsel of Record

Honorable Victor Marrero
July 6, 2026
Page 7

## Index of Defense Email Exhibits

### Defendant Not Copied

| | | |
|---|---|---|
| 100-15 | 110-21 | 110-35 |
| 100-19 | 110-22 | 110-36 |
| 100-57 | 110-23 | 110-37 |
| 100-142 | 110-24 | 110-38 |
| 100-144 | 110-25 | 110-39 |
| 100-151 | 110-26 | 110-40 |
| 100-204 | 110-27 | 110-41 |
| 100-206 | 110-28 | 110-42 |
| 110-15 | 110-29 | 110-43 |
| 110-16 | 110-30 | 110-44 |
| 110-17 | 110-31 | 110-45 |
| 110-18 | 110-32 | 110-46 |
| 110-19 | 110-33 | 110-47 |
| 110-20 | 110-34 | 110-48 |

### Defendant Partially Not Copied

| | | |
|---|---|---|
| 100-8 | 100-147 | 100-175 |
| 100-35 | 100-148 | 100-176 |
| 100-45 | 100-149 | 100-177 |
| 100-51 | 100-150 | 100-178 |
| 100-58 | 100-152 | 100-179 |
| 100-59 | 100-154 | 100-180 |
| 100-64 | 100-156 | 100-181 |
| 100-65 | 100-157 | 100-182 |
| 100-67 | 100-158 | 100-183 |
| 100-69 | 100-159 | 100-184 |
| 100-76 | 100-160 | 100-186 |
| 100-98 | 100-161 | 100-187 |
| 100-101 | 100-163 | 100-188 |
| 100-120 | 100-164 | 100-189 |
| 100-121 | 100-165 | 100-190 |
| 100-123 | 100-166 | 100-191 |
| 100-125 | 100-167 | 100-192 |
| 100-128 | 100-169 | 100-193 |
| 100-133 | 100-170 | 100-194 |
| 100-134 | 100-171 | 100-195 |
| 100-137 | 100-172 | 100-196 |
| 100-141 | 100-173 | 100-197 |
| 100-146 | 100-174 | 100-198 |
| | | 100-199 |

### Defendant Copied

| | | |
|---|---|---|
| 100-1 | 100-63 | 100-116 |
| 100-6 | 100-66 | 100-117 |
| 100-7 | 100-68 | 100-118 |
| 100-9 | 100-70 | 100-119 |
| 100-10 | 100-71 | 100-122 |
| 100-11 | 100-72 | 100-124 |
| 100-12 | 100-73 | 100-126 |
| 100-13 | 100-74 | 100-127 |
| 100-14 | 100-75 | 100-129 |
| 100-16 | 100-77 | 100-130 |
| 100-18 | 100-78 | 100-131 |
| 100-20 | 100-79 | 100-132 |
| 100-21 | 100-80 | 100-135 |
| 100-22 | 100-81 | 100-136 |
| 100-23 | 100-82 | 100-138 |
| 100-24 | 100-83 | 100-139 |
| 100-25 | 100-84 | 100-140 |
| 100-26 | 100-85 | 100-143 |
| 100-28 | 100-86 | 100-145 |
| 100-29 | 100-87 | 100-153 |
| 100-30 | 100-88 | 100-155 |
| 100-31 | 100-89 | 100-162 |
| 100-32 | 100-90 | 100-168 |
| 100-36 | 100-91 | 100-185 |
| 100-37 | 100-92 | 100-200 |
| 100-38 | 100-93 | 100-201 |
| 100-39 | 100-94 | 100-202 |
| 100-40 | 100-95 | 100-203 |
| 100-41 | 100-96 | 100-205 |
| 100-42 | 100-97 | 100-207 |
| 100-43 | 100-99 | 110-1 |
| 100-44 | 100-100 | 110-2 |
| 100-46 | 100-102 | 110-3 |
| 100-47 | 100-103 | 110-4 |
| 100-48 | 100-104 | 110-5 |
| 100-49 | 100-105 | 110-6 |
| 100-50 | 100-106 | 110-7 |
| 100-52 | 100-107 | 110-8 |
| 100-53 | 100-108 | 110-9 |
| 100-54 | 100-109 | 110-10 |
| 100-55 | 100-110 | 110-11 |

Honorable Victor Marrero
July 6, 2026
Page 8

| Defendant Not Copied | Defendant Partially Not Copied | Defendant Copied | | |
|---|---|---|---|---|
| | | 100-56 | 100-111 | 110-12 |
| | | 100-60 | 100-112 | 110-13 |
| | | 100-61 | 100-113 | 110-14 |
| | | 100-62 | 100-114 | 110-422 |
| | | | 100-115 | 150-1 |